UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Estate of MYLO HARVEY, and DIANE HENRY, as the personal representative of the Estate,<br><br>Plaintiffs,<br><br>v.<br><br>KEITH JONES, BENJAMIN KALICH, CLYDE TURNER, JOHN DOES ONE THROUGH TEN, and CITY OF EVERETT,<br><br>Defendants. | CASE NO.  C05-1170RSM<br><br>MEMORANDUM ORDER DENYING PLAINTIFF'S CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST OFFICERS JONES AND KALICH |

## I. INTRODUCTION

This matter comes before the Court on plaintiff's Cross-Motion for Summary Judgment against Officers Jones and Kalich. (Dkt. #25). Plaintiff argues that she is entitled to summary judgment on her excessive force claim, and on her claim that, by attacking Mr. Harvey, Officer Jones and Officer Kalich intentionally or recklessly provoked the ensuing physical struggle between her son and several police officers, and that such provocation was a proximate cause of her son's injuries and his eventual death.

Defendants argue that plaintiff's motion should be denied because it relies on the same evidence and arguments presented in the context of defendants' motion for summary judgment.

MEMORANDUM ORDER
PAGE - 1

1  For the reasons set forth below, the Court agrees with defendants, and hereby DENIES
2  plaintiff's cross motion for partial summary judgment.

## II. DISCUSSION.

### A. Background

The Court has already set forth the essential facts of this case in its Order on defendants' motion for summary judgment, and therefore, will not repeat them here. However, the Court notes that on the instant motion, the Court now views the facts most favorably to defendants.

### B. § 1983 Civil Rights Violations

As noted above, plaintiff alleges violations of Mr. Harvey's civil rights under 42 U.S.C. § 1983, based on excessive force during arrest, failure to train and failure to provide prompt medical treatment. (Dkt. #1 at 5-6). Plaintiff's instant motion focuses only on the excessive force claim, and apparently only with respect to Officers Jones and Kalich.

To prevail on her claim, plaintiff must prove that defendants acted under color of law and deprived plaintiffs of a constitutionally-protected right. 42 U.S.C. § 1983; *Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th Cir. 1998) (citing *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). Accordingly, to successfully defend against summary judgment, defendants must demonstrate that there is a genuine issue of material fact as to whether reasonable force was used during Mr. Harvey's arrest. For the reasons set forth below, the Court finds that defendants have raised such material facts.

*1. Excessive Force*

As explained in this Court's Order on defendants' motion for summary judgment, a Fourth Amendment claim of excessive force is analyzed under the framework outlined by the United States Supreme Court in *Graham v. Connor*, 490 U.S. 386 (1989). In that case, the court instructed that all claims that law enforcement officers have used excessive force in the course of an arrest must be analyzed under the Fourth Amendment and its "reasonableness"

standard. *See Graham*, 490 U.S. at 395; *Smith v. City of Hemet*, 394 F. 3d 689, 700 (9th Cir. 2005); *Ward v. City of San Jose*, 967 F.2d 280, 284 (9th Cir. 1992) (as amended). That analysis requires balancing the "nature and quality of the intrusion" on a person's liberty with the "countervailing governmental interests at stake" to determine whether the use of force was objectively reasonable under the circumstances. *Graham*, 490 U.S. at 396.

The Supreme Court further instructed that "the 'reasonableness' inquiry in an excessive force case is an objective one: The question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them[.]" *Id.* at 397 (citations omitted); *see, e.g.*, *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001). "The question is not simply whether the force was necessary to accomplish a legitimate police objective; it is whether the force used was reasonable in light of *all* the relevant circumstances." *Hammer v. Gross*, 932 F.2d 842, 846 (9th Cir. 1991) (*en banc*) (emphasis in original).

The Court has thoroughly discussed the *Graham* analysis in its previous Order, and does not intend to repeat the entire discussion here. Instead, the Court relies on the assessment of force set forth in the same Order. However, viewing the facts in the light most favorable for defendants, the Court now finds that defendants have raised genuine issues of material fact with regard to the reasonableness of the force used, and therefore finds that summary judgment in favor of plaintiff is not appropriate.

In the instant case, the record indicates that Mr. Harvey was not armed, but may have posed a threat to himself and others while he wandered, yelling and screaming, in the middle of a busy street. Although Mr. Harvey was only a 5 foot 6 inch, 119 pound, nineteen year old, the drugs he had taken apparently caused him to have above-average strength, enough that he was able to break free from officers throughout the struggle. The responding officers all describe Mr. Harvey's actions as combative, and Officer Jones states that Mr. Harvey was acting combatively when Mr. Harvey attempted to enter his police car. Furthermore, the responding

MEMORANDUM ORDER
PAGE - 3

officers all testify that Mr. Harvey did attempt to flee the scene.

Thus, the Court concludes that in light of these facts, a rational jury could find that Mr. Harvey posed an immediate safety threat to the officers or bystanders, and that the officers' use of force was necessary to subdue him. Accordingly, the Court finds that the question of whether the force used in this case was reasonable raises issues of material fact that must be resolved by a jury. Therefore, summary judgment in favor of plaintiff on this issue is not appropriate.

### 2. *Alexander* Creation of Danger Claim

The Court now turns to plaintiff's claim that by attacking Mr. Harvey, Officer Jones and Officer Kalich intentionally or recklessly provoked the ensuing physical struggle between Mr. Harvey and several police officers, and that such provocation was a proximate cause of Mr. Harvey's injuries and subsequent death. Plaintiff bases her claim on the Ninth Circuit Court of Appeals' decision in *Alexander v. City & County of San Francisco*, 29 F.3d 1355 (9th Cir. 1994), in which, plaintiff asserts, the court recognized this type of excessive force claim for the first time.

The *Alexander* case arose from an incident in which police officers shot and killed a man inside his home. In June of 1990, the San Francisco Health Department had received a complaint from a neighbor of Henry Quade that sewage was seeping from Quade's basement into the street and into the foundation of the neighbor's house, and that Quade's backyard was filled with refuse. After many attempts to contact Quade, both in person and by mail, and after several failures on Quade's part to appear for abatement hearings, a municipal court judge issued a forcible entry warrant, which authorized the inspection of Quade's home through forcible entry if necessary. *Alexander*, 29 F.3d at 1357-58.

On October 16, 1990, Public Health officials went to Quade's home to execute the forcible entry warrant, accompanied by a police sergeant. That police sergeant, finding that Quade's door had been nailed shut, moved aside a piece of cardboard covering a window.

MEMORANDUM ORDER
PAGE - 4

Quade called from inside "I'm going to get my gun and use it." *Id.* at 1358.  The sergeant then radioed for reinforcements.  A tactical team arrived, as well as a team of hostage negotiators.  The hostage negotiators had learned by that time that Quade was mentally unstable, elderly, overweight, and nearly blind.  *Id.*

The police cordoned off the area around Quade's house, and a member of the hostage negotiating team tried to talk to Quade, but he did not respond.  After approximately one hour, a police captain at the scene formulated a plan to enter the house and take Quade into custody.  Two officers on the tactical squad broke down the door with a battering ram, and seven others entered the house.  Five of the seven officers entered with guns drawn.  *Id.*  Quade appeared at the top of a staircase inside the home holding a .22 caliber handgun.  The officers ordered him to drop the gun.  However, rather than doing so, Quade said, "I told you I was going to use it," and pulled the trigger.  The officers shot back, and Quade died from gunshot wounds shortly thereafter.  His own gun had apparently misfired, and none of the officers were hurt.  Id.

Quade's mother then brought a lawsuit against various defendants raising, *inter alia*, a claim of excessive force pursuant to § 1983.  Specifically, she argued

> that it was unreasonable for the officers to storm the house of a man whom they knew to be a mentally ill, elderly, half-blind recluse who had threatened to shoot anybody who entered.  Plaintiff does not argue that once Quade pointed his gun at the officers and pulled the trigger, the officers used unreasonable force in shooting to kill.  Rather, plaintiff argues that defendants used excessive force in creating the situation which caused Quade to take the actions he did.

*Id.* at 1366.  In the instant case, plaintiff now asserts that she is raising the same type of *Alexander* claim, and that summary judgment in her favor is appropriate.  The Court disagrees.

In *Alexander*, the Court of Appeals specifically stated that plaintiff's claim, "if supported by the evidence, states a classic Fourth Amendment violation under *Graham v. Connor*. . . ." *Id.* (complete citation for *Graham* omitted).  The court further noted that the analysis for such a claim follows the traditional excessive force analysis set forth in *Graham*, explaining "under both

MEMORANDUM ORDER
PAGE - 5

*Graham* and the excessive force cases from this circuit, [the circumstances confronting officers, under which a court would determine reasonableness] include 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* (citation omitted).

As explained above, this Court has already completed a *Graham* analysis of the instant case, and has determined that the reasonableness of the force applied by officer defendants requires the resolution of material factual questions by the jury.  Accordingly, the Court finds that summary judgment in favor of plaintiff is not appropriate on her *Alexander* creation of harm claim.

### III. CONCLUSION

Having reviewed plaintiff's cross motion for partial summary judgment (Dkt. #25), defendants' opposition (Dkt. #33), plaintiff's reply (Dkts. #34), the declarations and evidence in support of those briefs, and the remainder of the record, the Court hereby ORDERS:

(1) Plaintiff's cross motion for partial summary judgment (Dkt. #25) is DENIED in its entirety.

(2) The Clerk shall forward a copy of this Memorandum Order to all counsel of record.

DATED this 6th day of April, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE