The Honorable Ricardo S. Martinez

1

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10
Estate of MYLO HARVEY, and DIANE HENRY, as the personal representative of the Estate,

NO. CV05-1170RSM

11
Plaintiffs,

PLAINTIFFS' DISCLOSURE OF EXPERT WITNESS ROBERT KEPPEL, PH.D.

12

13
vs.

14
KEITH JONES, BENJAMIN KALICH, CLYDE TURNER, JOHN DOES ONE THROUGH TEN, and CITY OF EVERETT,

15

16
Defendants.

17
Pursuant to FRCP 26(a)(2), plaintiffs hereby give notice that they intend to call the

18
following expert witness at trial who may be used at trial to present evidence under Rule 702,

19
703 or 705 of the Federal Rules of Evidence: ROBERT KEPPEL, Ph.D.

20
A copy of Dr. Keppel's report, dated May 2, 2006 is attached to this disclosure as

21
Exhibit A.

PLAINTIFFS' DISCLOSURE OF EXPERT WITNESS ROBERT KEPPEL, PH.D. (CV05-1170RSM) – 1

HAR085.1 0001 he032903 5/3/06

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

1      A copy of Dr. Keppel's curriculum vitae is attached to this disclosure as Exhibit B. A

2 list of Dr. Keppel's publications is listed on page five of his curriculum vitae.

3      A list of all cases in which Dr. Keppel has testified as an expert at trial or by

4 deposition within the last four years is listed on page seven of his curriculum vitae.

5      A copy of Dr. Keppel's fee schedule is referenced on page 11 of his report.

6      Plaintiffs anticipate that Dr. Keppel will give the expert opinions as provided in his

7 report.

8      These opinions are based on the documents that have been reviewed by Keppel as

9 indicated in his report. He may form additional opinions after reviewing further materials

10 obtained by plaintiffs in discovery. If he develops further opinions, plaintiffs will supplement

11 this disclosure.

12      Dr. Keppel will receive compensation in accordance with the provisions of his fee

13 schedule.

14      DATED this __3__ day of __May__, 2006.

15                   CARNEY BADLEY SPELLMAN, P.S.

16

17             By _____

                James E. Lobsenz, WSBA #8787

18                 Cindy G. Flynn, WSBA #25713

                Attorneys for Plaintiffs

19                 Carney Badley Spellman, P.S.

                701 Fifth Avenue, Suite 3600

20                 Seattle, WA 98104-7010

                Telephone: (206) 622-8020

21                 Fax: (206) 467-8215

                E-mail: Lobsenz@carneylaw.com

                E-mail: Flynn@carneylaw.com

PLAINTIFFS' DISCLOSURE OF EXPERT
WITNESS ROBERT KEPPEL, PH.D. (CV05-
1170RSM) – 2

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

HAR085.1 0001 he032903 5/3/06

1

2
## CERTIFICATE OF SERVICE

3
I hereby certify that on ___5 | 3 | 03___, I electronically filed the foregoing with the Clerk
of the Court using the CM/ECF system which will send notification of such filing to Robert

4
Christie at bob@christielawgroup.com.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

PLAINTIFFS' DISCLOSURE OF EXPERT
WITNESS ROBERT KEPPEL, PH.D. (CV05-
1170RSM) – 3

HAR085.1 0001 he032903 5/3/06

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

Robert D. Keppel, Ph.D.
11831 SE 66th Street
Bellevue, WA 98006

May 2, 2006

James Lobsenz
Carney Badley Spellman
701-5th Avenue, Suite 3600
Seattle, WA 98104

Dear Mr. Lobsenz,

The following report is written to comply with Federal Rule 26, Federal Rules of Civil Procedure, that I file a written report to explain my opinions and their justifications in this matter.

## Credentials

The basis of my experience as an expert witness is evidenced through the following. I am an Associate Professor of Criminal Justice at Sam Houston State University and a visiting assistant professor of Criminal Justice at Seattle University. I have over 31 years of experience in police procedures, investigations and academics of police work. I have experience as a line police officer, detective, and supervisor, administrator, and manager. I previously have been involved with investigations in thousands of murders, police officer involved shootings, deaths in custody, child abuse murders, child sexual abuse cases, attempted murders, assaults, robberies, rapes, governmental corruption cases, white collar crime cases, cases involving eyewitness identification, and cases involving allegations of improper police procedures used in developing probable cause for arrest and affidavits for search warrants.

I have special expertise working with prosecutors to determine the reasonableness of detention and/or arrests and developing probable cause for arrest and charging decisions. As Chief Criminal Investigator for the Washington State Attorney General's Office, Criminal Justice Division, for over 17 years, I worked on criminal prosecutions in 39 counties in Washington State. My investigations covered crimes ranging from assault, theft, child sexual abuse, governmental corruption, and murder and other allegations involving officer involved shootings and deaths in custody. I have substantial training and on-the-job experience in evaluating probable cause, determining what charges are likely to be filed, and what evidence would support various reasons for arrest and charges. I also am familiar with training provided to police officers who come across mentally ill and drug influenced offenders and how those officers should handle such persons.

**EXHIBIT A**

Part of my expertise includes evaluating procedures used by police officers according to their operating procedures and training. I have special training and experience in examining police files for proper follow-up investigative procedures. As a criminal investigation authority, investigating and consulting on notorious cases, such as the Atlanta Child Murders, the Ted Bundy Murders, and the Green River Murders, among others, and a researcher and published author in investigative techniques, I have considerable experience with evaluating the various steps in a police investigation (responding to the crime scene, collection and processing of evidence, documenting follow-up activities through various reports, interviewing potential suspects and witnesses, statements made by suspects, procedures for montage and lineup preparations and presentations, reasonableness of detention of people, the information necessary to establish probable cause for searching premises and arresting people, use of force, submissions of evidence to crime laboratories, interpreting crime laboratory results, the importance and placement of injuries on victims, assessment of the psychological state of victims and witnesses, police officer-prosecutor relations, among many other follow-up investigative activities).

For over twenty years, I have trained police officers, prosecutors, and defense attorneys in basic and advanced homicide investigation techniques that include how to investigate officer involved shootings and deaths in custody for the Police Executive Research Form, Washington State Criminal Justice Training Commission, Kansas City Homicide Unit, King County Prosecutors Office, Washington Defenders Association, the Georgia Bureau of Investigation, among many others.

## Qualifications, Publications, Depositions Given, and Courtroom Testimonies

My curriculum vitae describes my education, experience, publications, courtroom testimonies, depositions given, and presentations and is attached as Exhibit A to this report.

You requested that when I write my expert report, you would like me to address the following questions:

1. Was Officer Jones' response to Mylo upon his arrival, specifically yelling at Mylo to get on the ground when he suspected that Mylo was under the influence of drugs and/or mentally ill, reasonable? If not, what would have been a reasonable response for Officer Jones in that situation? Why? Were there alternatives available to Officer Jones that he should have considered or acted upon?

2. Was there a reasonable basis for the officers to believe that Mylo was armed or dangerous?

3. Was it objectively reasonable for Officer Jones to employ pepper spray on Mylo? If not, why not?

2

4. Was Officer Jones' use of his baton against Mylo an objectively reasonable use of force, particularly considering the locations on Mylo's body where Officer Jones struck him with the baton? What are generally accepted police procedures for use of a baton, including when is the use of a baton appropriate and the targets for strikes?

5. Did Officer Jones' actions constitute an excessive use of force? If so, why? Which specific actions by Officer Jones in isolation constituted excessive force, if any? Would any of Officer Jones' actions have constituted excessive force even if committed against a rational person, and if so which actions? Which actions, if any, constituted excessive force in light of Mr. Harvey's mental state? Please also evaluate the cumulative effect of Officer Jones' actions.

6. Did Officer Kalich's actions constitute an excessive use of force in light of Mr. Harvey's mental state? If so, why?

7. Was the force used by Officer Turner objectively reasonable, in particular his tactic of compressing Mylo's head against Officer Turner's chest? If not, why not?

8. Did Officer Turner's actions constitute an excessive use of force? If so, why? Which specific actions by Officer Turner in isolation constituted excessive force, if any? Would any of Officer Turner's actions have constituted excessive force even if committed against a rational person, and if so which actions? Which actions, if any, constituted excessive force in light of Mr. Harvey's mental state? Please also evaluate the cumulative effect of Officer Turner's actions.

9. Regarding the City of Everett's failure to train its officers in techniques to safely de-escalate conflict with mentally ill and intoxicated citizens, is it your opinion that as of November 2002 that failure to train constituted reckless indifference for the safety of the citizens of the City of Everett? If so, why? Was it objectively unreasonable for the City of Everett to fail to train its officers in those techniques, in that it was obvious that failing to provide the training would lead to constitutional violations such as excessive force used against mentally ill and/or intoxicated citizens?

10. What sort of training would have been available to Everett for its officers had Everett chosen to offer training in safely managing interactions with mentally ill and/or intoxicated citizens?

11. What tactics would have been taught to the officers in the courses available that they lacked in their interaction with Mylo?

12. In your opinion, what should the officers have been expected to do differently in their interactions with Mylo had they been given appropriate training in safely managing the mentally ill and/or intoxicated citizens they are likely to encounter?

3

13. Was the City of Everett's policy of failing to provide adequate training in safely interacting with mentally ill and/or intoxicated citizens the moving force behind a violation of Mr. Harvey's constitutional rights, in the sense that the City of Everett could have prevented the violation of Mr. Harvey's rights if it had provided adequate training to its police officers?

## Documents and Materials Reviewed

1. Keith Jones deposition transcript and DVD
2. Benjamin Kalich deposition transcript and DVD
3. Clyde Turner deposition transcript and DVD
4. Eric Coston deposition transcript
5. Richard Hanson deposition transcript
6. Matthew Park deposition transcript
7. David Moses deposition transcript
8. Plaintiff's Complaint
9. Defendant's Answer to Plaintiff's Complaint
10. Portions of the Everett Police Department's Procedures Manual
11. Portions of the Everett Police Department's Policy Manual
12. Training report and certificates received by Officer Turner
13. Training report and certificates received by Officer Jones
14. Training report and certificates received by Officer Kalich
15. Video Training Directory and Log
16. 1998 Snohomish County Regional Refresher courses
17. 1999 Snohomish County Regional Refresher courses
18. 2000 Snohomish County Regional Refresher courses
19. 2001 Snohomish County Regional Refresher courses
20. 2002 Snohomish County Regional Refresher courses
21. 2003 Snohomish County Regional Refresher courses
22. 2004 Snohomish County Regional Refresher courses
23. Snohomish County Sheriff's Office Investigation file and witness statements regarding the September 29, 1996 arrest by the Everett Police Department and subsequent death of Douglas W. Reagan.
24. Deaths in Custody by Michael Graham, M.D.
25. Dispatch log regarding Case No. DD 02-23724
26. Transcript of SnoPac 9-1-1 Tape
27. Written Statement by Officer Keith Jones dated November 18, 2002
28. Supplemental written statement by Officer Keith Jones dated November 21, 2002
29. Written statement by Officer Benjamin Kalich dated November 18, 2002
30. Supplemental written statement by Officer Benjamin Kalich
31. Written report of Officer Jamie French dated November 12, 2002
32. Follow up report written by Officer French dated November 17, 2002
33. Written Statement by Officer Clyde Turner dated November 18, 2002
34. Supplemental written statement by Officer Clyde Turner

4

35. Follow up report by Officer J. DeRouse dated November 11, 2002
36. Follow up report by Officer P. Hegge dated November 11. 2002
37. Follow up report by Officer P. Hegge dated November 21, 2002
38. Follow up reports prepared by Detective Jimmy Phillips
39. Written report by Officer Suzanne Eviston
40. Written report by Sergeant R. Johns dated November 17, 2002
41. Written report by Sergeant Britton dated November 17, 2002
42. Written report by Detective Gary Fortin dated November 13, 2002
43. Written statement by Jeremy Thompson dated November 11, 2002
44. Supplemental statement by Jeremy Thompson written by Detective
    George Wilkins
45. Written statement by Christy Thompson dated November 11, 2002
46. Written statement by Sukhjivan Takhar dated November 11, 2002
47. Written statement by Stephanie Wehmeyer dated November 11, 2002
48. Written statement of Tina Richman dated November 11, 2002
49. Written statement of Gustovao Quiros-Mora dated November 12, 2002 in
    Spanish
50. Written statement of Honey Nightingale dated January 14, 2002
51. Written statement of Peter McFall dated November 19, 2002
52. Written statement of Matthew Park dated November 19, 2002
53. Written statement of David Moses dated November 19, 2002
54. Written statement of Charles Hallas, III dated November 19, 2002
55. Written statement of Richard Hanson dated November 19, 2002
56. Written statement of Paul Gagnon dated November 19, 2002
57. Written statement of Julie Connell dated November 11, 2002
58. Written statement of Carin Connell dated November 11, 2002
59. Written statement of Eric Coston dated November 19, 2002
60. Written statement of Emily Amos dated November 11, 2002
61. Affidavit of Emily Amos dated January 3, 2003
62. Written statement of William Armstrong dated November 19, 2002
63. Written statement of Daniel McLeod dated November 11, 2002
64. Head CT scan report dated November 13, 2002
65. Snohomish County Medical Examiner Autopsy Report dated February 11,
    2003 with neuropathological report
66. Washington State Toxicology reports
67. Deposition of Theodore Olafson
68. Edgework, A History of CIT Training in Washington State
69. Crisis Intervention Training, Chelan-Douglas County Law Enforcement
    Officers Agenda
70. Deorle v. Rutherford
71. Swans v. City of Lansing
72. Bryant v. Buchanan
73. Certificate of Death for Mylo L. Harvey
74. Practical Police Psychology by Laurence Miller

**Opinions**

5

-8-

**Question 1:** Was Officer Jones' response to Mylo upon his arrival, specifically yelling at Mylo to get on the ground when he suspected that Mylo was under the influence of drugs and/or mentally ill, reasonable? If not, what would have been a reasonable response for Officer Jones in that situation? Why? Were there alternatives available to Officer Jones that he should have considered or acted upon?

Officer Jones employed the first level of the use of force continuum in this situation. This is to persuade someone to do something by *verbal dialogue* (e.g., advice, warnings, requests, and orders). Verbal dialogue works well as a first step when a suspect is not mentally ill or under the influence of drugs and is aware of police presence.

However, this question specifically asks if yelling at Mylo Harvey to get on the ground was reasonable when the officer knew that he was under the influence of drugs and/or mentally ill. In this instant case, yelling at Mr. Harvey was not a reasonable police procedure. Under the guidelines for Crisis Intervention Training (CIT), persons who are intoxicated by drugs and/or mentally ill are disorganized individuals. These situations are sometimes characterized by the suspect being naked and, thus, have their body temperature up as in this case. The suspect moves in all directions, does not pay attention to his own safety and has a lack of responsiveness to commands and communications. Training instructors advise limited verbal de-escalation of this extreme state, but not yelling, only reassuring words.

To the question were there alternatives available to Officer Jones that he should have considered or acted upon: yes, there were other avenues to take. Officer Jones had Mr. Harvey in sight and knew his distance to other citizens. Officer Jones should have waited for other back up officers to arrive. Then Mr. Harvey could have been surrounded. If Officer Jones had to speak to Mr. Harvey he should have used a reassuring and neutral tone to his words. While waiting for other officers, Officer Jones should have communicated with Officer Kalich about what to do. Neither officer mentioned any communication between the two of them.

**Question 2:** Was there a reasonable basis for the officers to believe that Mylo was armed or dangerous?

After the initial contact by Officer Jones and, subsequently, other officers, they could easily observe that Milo Harvey was naked and not carrying a weapon. Therefore, Mr. Harvey was not armed when officers were handling him. Officers had a reasonable basis to believe that Mr. Harvey was not armed or dangerous by virtue of being unarmed.

**Question 3:** Was it objectively reasonable for Officer Jones to employ pepper spray on Mylo? If not, why not?

6

Officer Jones, by employing pepper spray on Mylo Harvey used level three of the use of force continuum, attempting to gain *compliance* and *control* using *compression techniques* or *control devices.* Compression techniques include wrist locks, arm bars, physical control holds, and the use of pressure point control tactics. Control devices consist of such tools as handcuffs, restraints, pepper spray, canines, Tasers, and stun guns. Using any of the techniques or devices available in level three is acceptable practice for those suspects not under the influence of drugs or mentally ill.

In this case, Officer Jones employment of pepper spray on Mr. Harvey was not objectively reasonable. According to known training curricula in CIT, a suspect in a disorganized, extreme state as Mr. Harvey was does not respond to pain. Therefore, pepper spray has no effect on them. At this point, it is obvious that Officer Jones was not properly trained for handling suspects under the influence of drugs and/or mentally ill.

**Question 4: Was Officer Jones' use of his baton against Mylo an objectively reasonable use of force, particularly considering the locations on Mylo's body where Officer Jones struck him with the baton? What are generally accepted police procedures for use of a baton, including when is the use of a baton appropriate and the targets for strikes?**

Officer Jones was at level four of the use of force continuum by using his ASP against Mylo Harvey. The fourth level of the use of force continuum is *self-defense.* It includes the use of *personal* and *impact weapons.* Officers frequently are assaulted. To defend themselves and neutralize such attacks, Officers resort to personal weapons (e.g., hands, fists, and feet). Or they can use impact weapons, such as batons, ASPs flashlights, and kinetic energy projectiles (e.g., shotguns that fire beanbag rounds or rubber bullets).

Again, Officer Jones' use of his ASP against Mr. Harvey was not an objectively reasonable use of force for a suspect who is acting in a disorganized manner. Persons who are under the influence of drugs and/or mentally ill don't respond to pain. Therefore, using an ASP was not practical.

From the statement and deposition of Officer Jones, he did not attempt to strike Mr. Harvey anywhere other than on the neck and back. Officer Jones did not explain that he was defending himself and trying to prevent attacks on him or Officer Kalich by Mr. Harvey. Usually, a trained officer strikes a combative suspect on the arms or legs to control the suspect. Or the officer may poke or jab the suspect in the abdomen to move the suspect back. Then if a suspect suddenly moves, and the ASP strikes the suspect on the neck, causing injury, it may be excused as accidental. But normally, a strike directly to the neck or head area with an ASP or baton is inappropriate because of its obvious possible fatal or permanently debilitating consequences. Witnesses at the scene describe that Officer Jones struck Mr. Harvey in the head numerous times. This action is not appropriate, nor is it taught in any police use of force or defensive tactics classes in Washington State.

7

At the beginning of Officer Jones' contact with Mr. Harvey, a more reasonable response by Officer Jones would have been to allow Mr. Harvey to get in the rear seat area of his patrol vehicle when Mr. Harvey asked if he could get in. But Officer Jones did not consider that option.

**Question 5: Did Officer Jones' actions constitute an excessive use of force? If so, why? Which specific actions by Officer Jones in isolation constituted excessive force, if any? Would any of Officer Jones' actions have constituted excessive force even if committed against a rational person, and if so which actions? Which actions, if any, constituted excessive force in light of Mr. Harvey's mental state? Please also evaluate the cumulative effect of Officer Jones' actions.**

Officer Jones' actions were excessive use of force. He employed the use of force continuum to a situation that did not merit employing the typical use of force continuum for persons who are not intoxicated by drugs and/or mentally ill. Given the training experience of Officer Jones, it is no surprise that he chose to yell, use pepper spray and strike with his ASP. The neck and back were improper locations to strike Mr. Harvey even according to his baton or ASP training. If Officer Jones had CIT training, his response to the situation should have been much different.

The cumulative effect of all the actions that Officer Jones took escalated the situation and contributed to Mr. Harvey's death. Yelling at Mr. Harvey did not de-escalate the situation. In fact, yelling escalates the situation with persons who are intoxicated by drugs and/or mentally ill. Pepper spray inhibits breathing and blows to the head add to the internal bleeding and affects breathing by swelling within the head.

**Question 6: Did Officer Kalich's actions constitute an excessive use of force in light of Mr. Harvey's mental state? If so, why?**

Yes. Officer Kalich did not employ yelling, pepper spray, or use his ASP. But Officer Jones did, exasperating the situation. Officer Kalich should have communicated directly with Officer Jones so he knew what Officer Jones was going to do. In this case, Officer Kalich was not present for the first employment of pepper spray, but was struggling with Mr. Harvey when Officer Jones used pepper spray a second time. He failed to tell Officer Jones to stop. Then Officer Jones used his ASP and several blows struck Officer Kalich on the head. He sustained bumps on his head. Yet, he did not tell Officer Jones to stop. Therefore, he condoned, by his silence, the actions of Officer Jones, which were improper and excessive.

**Question 7: Was the force used by Officer Turner objectively reasonable, in particular his tactic of compressing Mylo's head against Officer Turner's chest? If not, why not?**

-11-

8

The use of force by Officer Turner was not objectively reasonable, in particular his tactic of compressing Mr. Harvey's head against Officer Turner's chest. The arm bar carotid neck hold is not a recommended procedure for taking a suspect down. Due to the high incidence of deaths in custody from this hold, it is no longer taught in police officer training. In Officer Turner's deposition, he demonstrated how he applied the tactic of compressing Mr. Harvey's head against Officer Turner's chest at two different occasions during his struggle with Mr. Harvey. This procedure is similar in nature to the arm bar hold, but from the other direction, producing injuries to the same area. The medical examiner stated in the section on the Internal Evidence of Injury that "There is a small amount of hemorrhage about the left superior horn of the thyroid cartilage and hyoid bone." The actions by Officer Turner were probably the proximate cause of that hemorrhage. The procedure employed by Officer Turner has not been taught in any officer defensive tactics or use of force training in Washington State. If anything, this procedure contributed to cessation of Mr. Harvey's breathing.

**Question 8: Did Officer Turner's actions constitute an excessive use of force? If so, why? Which specific actions by Officer Turner in isolation constituted excessive force, if any? Would any of Officer Turner's actions have constituted excessive force even if committed against a rational person, and if so which actions? Which actions, if any, constituted excessive force in light of Mr. Harvey's mental state? Please also evaluate the cumulative effect of Officer Turner's actions.**

Officer Turner's actions did constitute an excessive and improper use of force. The act of compressing Mr. Harvey's head against Officer Turner's chest were interrupting Mr. Harvey's ability to breathe, whether Officer Turner realized it or not. There were three specific actions that were contributing to Mr. Harvey's inability to breathe properly. The first and second of two occasions of compressing Mr. Harvey's head against Officer Turner's chest pulling his head up radically bending Mr. Harvey at the neck. Another excessive and improper use of force was when Officer Turner used his forearm to hold down Mr. Harvey's chin. Both of these actions are not taught in any type of law enforcement training in Washington State. Officer Turner's use of force tactics were improper with any person who was not intoxicated by drugs and/or mentally ill. Additionally, Officer Turner did not communicate with any officer about what use of force tactics had been employed up to his arrival. All he knew was that Mr. Harvey had blood on his forehead. He did not know the source of the blood.

**Question 9: Regarding the City of Everett's failure to train its officers in techniques to safely de-escalate conflict with mentally ill and intoxicated citizens, is it your opinion that as of November 2002 that failure to train constituted reckless indifference for the safety of the citizens of the City of Everett? If so, why? Was it objectively unreasonable for the City of Everett to fail to train its officers in those techniques, in that it was obvious that failing to provide the**

training would lead to constitutional violations such as excessive force used against mentally ill and/or intoxicated citizens?

Before November 2002, the failure to train officers did constitute reckless indifference for the safety of the citizens of the City of Everett. On September 29, 1996, Everett Police Officers arrested Douglas W. Reagan and Reagan subsequently died in custody. It was an incident very similar to that of Mr. Harvey in that Mr. Reagan was very disorganized by ranting and flailing about while nude. He appeared to be intoxicated by drugs and/or mentally ill. Everett administrators should have reviewed the procedures used in arresting Mr. Reagan. If they had inquired about training in handling disorganized persons who were intoxicated by drugs and/or mentally ill, they would have discovered that training in CIT procedures was available, and the training in that case was different from previous training in defensive tactics and use of force on persons not mentally ill and/or intoxicated by drugs. With CIT training, Everett Police Officers would have been better prepared to handle the incident involving Mr. Harvey. In summary, it was objectively unreasonable for the City of Everett to fail to provide training to officers in handling persons who are intoxicated by drugs and/or mentally ill.

Question 10:  What sort of training would have been available to Everett for its officers had Everett chosen to offer training in safely managing interactions with mentally ill and/or intoxicated citizens?

The CIT training agenda would be available to Everett Police in conjunction with the Washington State Criminal Justice Training Commission.

Question 11:  What tactics would have been taught to the officers in the courses available that they lacked in their interaction with Mylo?

Officers would have been taught that handling persons who are intoxicated by drugs and/or mentally ill was different from previous training in defensive tactics and use of force of persons who are not intoxicated by drugs and/or mentally ill. Tactical information taught to officers include 1) maintaining distance from the subject until one has a chance to assess the subject's behavior, 2) acting calm, reassuring, and neutral with the subject in order to de-escalate volatile behavior, 3) keeping the person away from others, 4) waiting for sufficient back officers to arrive before attempting physical constraint and control tactics, 5) avoiding the use of pepper spray and batons since the subject does not respond to pain, 6) having the option to use a Taser since it attacks the nervous system if the subject remains volatile, 7) using proper control holds that do not inhibit a subject's breathing, 8) using take down procedures that do not include choke holds or arm bars on the subject's neck, and 9) immediate monitoring of a subject's vital signs by emergency personnel.

Question 12:  In your opinion, what should the officers have been expected to do differently in their interactions with Mylo had they been given appropriate

10

and batons since the subject does not respond to pain, 6) having the option to use a Taser since it attacks the nervous system if the subject remains volatile, 7) using proper control holds that do not inhibit a subject's breathing, 8) using take down procedures that do not include choke holds or arm bars on the subject's neck, and 9) immediate monitoring of a subject's vital signs by emergency personnel.

**Question 12: In your opinion, what should the officers have been expected to do differently in their interactions with Mylo had they been given appropriate training in safely managing the mentally ill and/or intoxicated citizens they are likely to encounter?**

Officer Jones and Kalich should have waited for other back up officers before any physical struggle with Mr. Harvey. One person should be the only officer to communicate with Mr. Harvey. That officer should have used reassuring language and tone to his voice in order to attempt to de-escalate the situation. No one should have used pepper spray or an ASP. At no time should any officer have used head, neck, and chin restraining techniques, like those employed by Officer Turner. Before taking the subject down, they could have made a Taser available for officers to consider using. They should have drug Mr. Harvey away from the fence since the fence prohibited additional officers from joining the struggle. With sufficient officers present (4), the restraint and control of Mr. Harvey would have been better affected and prevented injuries that contributed to Mr. Harvey's death.

**Question 13: Was the City of Everett's policy of failing to provide adequate training in safely interacting with mentally ill and/or intoxicated citizens the moving force behind a violation of Mr. Harvey's constitutional rights, in the sense that the City of Everett could have prevented the violation of Mr. Harvey's rights if it had provided adequate training to its police officers?**

Answer: Yes

### Fees

My fees for consultation, deposition testimony, court testimony, review of materials, and report writing are $250 per hour plus expenses.

I declare that the preceding report is true and correct to the best of my knowledge. If I am provided additional reports, depositions, or documentations, I will consider those for additional and/or amended opinions. If you have any questions, you can contact me at 425-271-4081.

Respectfully submitted,

*Robert D. Keppel*

Robert D. Keppel, Ph.D.

11

Curriculum vitae

# Robert David Keppel, Ph.D.
## Visiting Assistant Professor
## Criminal Justice Department
## Seattle University
## 901-12th Avenue
## Box 222000
## Seattle, WA 98122-1090
e-mail: keppelr@seattleu.edu
Telephone: 206-296-2483

## Education

| | |
|---|---|
| **1980-1992** | Doctor of Philosophy, (Ph.D.), Criminal Justice<br>University of Washington, Seattle, WA |
| **1978-1979** | Master of Education, Adult Education<br>Seattle University, Seattle, WA |
| **1966-1967** | Master of Arts, Police Science and Administration<br>Washington State University, Pullman, WA |
| **1962-1966** | Bachelor of Science, Police Science and Administration<br>Washington State University, Pullman, WA |

## Employment

Sept. 2005-Present **Visiting Assistant Professor**
Criminal Justice Department
Seattle University
Casey 331
Seattle, WA

**Responsibilities:** Instructs undergraduate classes in criminal justice: includes classes in introduction to criminal justice, criminal investigations, criminal profiling, serial murder, and forensic science. Conducts research on criminal homicides, murder, violent crime investigations, and crime solvability.

August 2003-present **Associate Professor**
Criminal Justice Center
Sam Houston State University
Huntsville, Texas 77341-2296

**Responsibilities:** Instructs graduate and undergraduate classes in criminal investigations and violent crimes: Includes classes in serial murder, criminal investigation and techniques in crime

**EXHIBIT B**

1

-15-

scene investigation, forensic pattern analysis, and criminal profiling. Conducts research on criminal homicides, murder, violent crime investigations, and crime solvability. Advises on master's theses and doctoral dissertations.

1991 – Present      **Consultant**

**Responsibilities**: Provides expert testimony and training on police investigations, criminal profiling, violent crime, police operations and procedures, use of force, probable cause for detention, arrest, and search warrant affidavits, characteristics of violent offenders, crime scene investigation, and serial murder.

July 1999-2003      **President, Institute for Forensics**

**Responsibilities**: Provides training and technical assistance to law enforcement and other criminal justice professionals in managing investigative technologies, violent crime investigations, and using computers to help solve violent crimes.

3/1/82 – 6-30-99    **Chief Criminal Investigator**
Washington State Attorney General's Office
Olympia, WA

**Responsibilities**: Conducted and Supervised investigations into Governmental Corruption, White Collar Crime, Labor and Industries Fraud, Revenue Fraud, Governmental Internal Investigations, Homicide, and other Violent Crime.

7/74 – 3/82        **Homicide Detective**
King County Police
Homicide Unit
516-3rd Ave.
Seattle, WA 98104

2/73 – 7/74        **Burglary/Larceny Detective**
King County Police
Seattle, WA

1/71 – 2/73        **Police Officer**
King County Police
Seattle, WA

12/67-12/70        **Captain, Military Police**
U.S. Army – Stateside and Vietnam Service

7/67 – 12/67       **Police Officer**
King County Police
Seattle, WA

2

# Other Appointments / Honors ( * current )

2006: Consultant to the Royal Canadian Mounted Police on a series of prostitute murders in Edmonton, Alberta, Canada

2006: Received the John R. Hunt Award for Outstanding Achievement in Forensic Science, General Section of the Academy of Forensic Sciences.

2003*: U.S. Editor, Journal of Investigative Psychology and Offender Profiling

1/2003 – 6/2003: Adjunct Faculty, Seattle University, Criminal Justice Department

9/1998 – 6/2003: Auxiliary Faculty, University of Washington, Department of Sociology, Seattle

2002: Consultant to the Kansas City Police Homicide Unit in the Berry Case.

2002: American Academy of Forensic Sciences, Program Chair, General Section,

2002*: American Academy of Forensic Sciences, Nominating Committee, General Section

2001: American Academy of Forensic Sciences, Awards Committee, General Section

2001: American Academy of Forensic Sciences, Membership Status: Fellow

7/2001 – 1/2002: Consultant to the Austin Police Department, TX in the 1979 Reiding Murder

8/2001 – 3/2002: Managing Director, Major Crimes Solutions, iXP Corp. (Princeton, NJ)

8/2001 – 12/2001: Visiting Assistant Professor, Washington State University, Graduate School in Criminal Justice

4/2000*: Honorary Research Fellow, University of Liverpool, Department of Psychology, Investigative Psychology Program, Liverpool, England.

1999: Consultant to the Austin, Texas Police Department on the Yogurt Shop Quadruple Murders.

1998: Membre D'Honneur, Du Centre International De Sciences Criminnelles Et Penales

9/1996 - 1998: Consultant to Jefferson Parrish Sheriff's Office and New Orleans Police Department regarding murders in the New Orleans area

9/1987 – 6/1999: Administrator, Homicide Investigation and Tracking System (HITS), Criminal Division, Washington State Office of the Attorney General

1990: Washington State University Alumni Achievement Award

4/1989: Consultant to El Paso, Texas Police Department regarding the Northeast Desert Area Murder Cases

1986 – 1987: Consultant to National Institute of Justice Federal Grant, Multi-Agency Investigative Team (MAIT), Serial Murder Investigative Task Force

3

**1983-1985:** Consultant to the National Committee Against Sexual Abuse and the Exploitation of Children and for the creation of a Serial Murder Tracking and Prevention Program, VICAP, FBI and Sam Houston State University

**1/1983 - 1998:** Consultant to King County Police, Seattle, Washington, regarding Green River Murder Cases

**9/1982:** Consultant to Santa Barbara Sheriff's Office, California, regarding the "Night Stalker" Murder Cases

**5/1981:** Consultant to Atlanta Police Department, Georgia, regarding Missing and Murdered Children's Cases (The Wayne Williams Murders)

**1978:** Kappa Delta Pi - National Education Honorary

**1965:** Alpha Phi Sigma - National Police Science Honorary

**1965:** NCAA All-American College Track and Field Team

**1964:** NCAA All-American College Track and Field Team

## Grants

**Sept 2000-Mar 2002:** Project Director, Federal Grant from the Bureau of Justice Assistance, "Managing Investigative Technologies, Award: $349,000.

**May 1999-May 2000:** Project Director, Federal Grant from the Bureau of Justice Assistance, "Managing Investigative Technologies, Award: $498,000.

**Feb 1997 – June 99:** Project Director for the Attorney General's Office, Federal Grant from the National Institute of Justice, "Artificial Neural Network System for Classification of Offenders in Murder and Rape Cases", Award: $286,000.

**Nov 1994 – June 99:** Project Director, Federal Grant from the Office of Juvenile Justice and Delinquency Prevention, Investigative Case Management for Missing Children Homicides, Award: $450,000 plus $50,000 per year for the years 1998, 1999, and 2000.

**Sept 1987 - 1992:** Project Director, Federal Grant from the National Institute of Justice for "Improving the Investigation of Homicide and the Apprehension Rate of Murderers." AWARD: $228,000

## Peer Review

U.S. Editor for the *Journal of Investigative Psychology and Offender Profiling*, Wiley Publications, London.

4

## Continuing Professional Education

1982   U.S. Attorney, White Collar Crime Class (8 hours)

1982   International Seminar on Economic Crime Corruption and Fraud Against Government, Department of Investigation, City of New York and the Organized Crime Institute, State of Florida (64 hours)

1978   F.B.I. Homicide Investigation School (40 hours)

1978   King County Police Major Case Investigation School (8 hours)

1977   King County Police In-Service Training (80 hours)

1977   Emergency Medical Technician Training (80 hours)

1976   Seminar on Missing and Murdered Women, Colorado-Utah-Washington Homicide Investigators (16 hours)

1976   Seminar on Arson Investigation, Washington-Oregon Lawmen's Association (8 hours)

1975   F.B.I. National Academy, Applied Criminology Course, Homicide School (80 hours)

1974   Washington State Homicide Investigation School (40 hours)

1974   King County Police Detective School (24 hours)

1971   Seminar on Criminal Justice System, Washington Law and Justice Commission (40 hours)

1971   Seattle Police Basic Officers' Academy (860 hours)

* All of the schools listed in the Teaching Experience area I have attended.

## Publications (Peer Reviewed)

1. *An Analysis of the Effect of Time and Distance Relationships in Murder Investigations*, University of Washington, *Doctoral Dissertation*, March 1992.

2. "Improving the Investigation of Violent Crime: The Homicide Investigation and Tracking System," with Joseph Weis, *Research In Brief,* National Institute of Justice, Washington D.C, August 1993.

3. "Time and Distance as Solvability Factors in Murder Cases," with Joseph Weis, *Journal of Forensic Sciences,* Vol. 39, No.2, March 1994, pp. 386-401.

4. "Signature Murders: A Report of Several Related Cases," *Journal of Forensic Sciences,* JFSCA, Vol.40, No.4, July 1995, pp. 658-662.

5. *"Profiling Killers: A Revised Classification Model for Understanding Sexual Murder,* "with Richard Walter, Journal of Offender Therapy and Comparative Criminology, December 1999.

6. *"Signature Homicides: A Report of the 1984 Cranbrook, British Columbia Cases,"* Journal of Forensic Sciences, 2000; 45(2):500-503.

7. "The Rarity of Unusual Body Dispositions of Victim Bodies: Staging and Posing," Journal of Forensic Sciences, 2004, 49(6) 1308-1312.

8. "The Jack the Ripper Murders: A Modus Operandi and Signature Analysis of the 1888 -91 Whitechapel Murders," with Joseph Weis, Kathy Brown, and Kristen Welch, Journal of Investigative Psychology and Offender Profiling, 1(1), January 2005.

5

9. "Child Abduction Murder: An Analysis of the Effect of Time and Distance Separation of Murder Incident Sites on Solvability," with Katherine Brown, submitted to the Journal of Forensic Sciences, 2006.

## Publications

1. *The Riverman: Ted Bundy and I Hunt the Green River Killer*, Pocket Books, NY, September, Second Edition, 2004.

2. Offender Profiling: Readings in Crime Assessment and Profiling, Thomson Learning Custom Publishing, Mason, Ohio, 2004.

3. The Psychology of Serial Killer Investigations: The Grisly Business Unit, with William Birnes, Academic Press, San Diego, CA, 2003.

4. "Serial Offenders: Linking Cases by Modus Operandi and Signature," In Stuart H. James and Jon J. Nordby (editors), Forensic Science: An Introduction to Scientific and Investigative Techniques, CRC Press, Boca Raton, FL, 2003.

5. *Murder: A Multidisciplinary Anthology of Readings,* with Joseph Weis, Harcourt Brace and Company, Orlando, Fl., Third Edition, 2002.

6. Serial Murder: Future Implications for Police Investigations, Authorlink.com, Dallas, TX, 2000

7. "Investigation of the Serial Offender: Linking Cases through Modus Operandi and Signature," In Joseph Schlesinger (ed), *Serial Offenders: Current Thought, Recent Findings*, CRC Press, Boca Raton, FL, 2000.

8. Profile of a Predator: Child Abduction Murder by a Stranger, with Joseph Weis and Kenneth Hanfland, In Joseph G. Weis and Robert D. Keppel (eds.), *Murder: A Multidisciplinary Anthology of Readings*, (Second Edition), New York: Harcourt Brace, 1999.

9. *Murder: A Multidisciplinary Anthology of Readings,* with Joseph Weis, Harcourt Brace and Company, Orlando, Fl., Second Edition, 1999.

10. *Signature Killers,* Pocket Books, NY, October 1997.

11. *Case Management for Missing Children Homicide Investigation,* Washington State Attorney General's Office, Seattle, WA, with Joseph Weis and Kenneth Hanfland, May 1997.

12. *Murder: A Multidisciplinary Anthology of Readings,* with Joseph Weis, Harcourt Brace and Company, Orlando, Fi., 1997.

13. *The Riverman: Ted Bundy and I Hunt the Green River Killer*, Pocket Books, NY, September, 1995.

14. "Arson Enhancement to the HITS Program: An Answer to Collecting, Storing, Analyzing, and Sharing Arson Information," *Newsletter of the Washington State Chapter of the International Association of Arson Investigators*, June-July 1995, pp. 7-18.

6

15. "HITS: Catching Killers in the Northwest," with Joseph Weis, *FBI Law Enforcement Bulletin,* Vol. 62, N0.4, April 1993.

16. *Serial Murder: Future Implications for Police Investigations,* Anderson Publishing Co. Cincinnati, Ohio 1989.

17. Introduction for *BUNDY: Confessions of a Killer,* Michaud, Steven and Aynesworth, Hugh Signet Books, 1989.

18. "Tracking and Sharing Homicide Evidence," *Washington Law Enforcement Executive Journal,* Vol. 8, No. 4, Autumn 1989.

19.   Forensic Pattern Analysis, with Katherine Brown and Kristen Welch, accepted for publication by Prentice-Hall, 2006.

20. Investigative Case Management for Missing Children Homicides, with Katherine Brown, Joseph Weis, and Marvin Skeen

21. Offender Profiling, Thomson Custom Publishing, 2006 (2nd Edition)

# Membership in Professional Organizations

International Homicide Investigator's Association (Charter Member)
American Academy of Forensic Sciences (Fellow)
Washington Violent Crime Investigator's Association (Charter Member)

# Retained for expert opinion in:

1991: State of Washington v. George W. Russell, Cause #: 91-1-001827 (3 Counts of First Degree Murder) for Rebecca Roe and Jeff Baird, King County Senior Deputy Prosecutors, Seattle, WA (Signature Murder Testimony)

1992: State of Alaska v. Lance Linton, Cause #: 4FA-591-3388 CR, Alaska (First Degree Murder) for Nelson Traverso, Asst. Public Advocate, Fairbanks, Alaska (Police Investigation Techniques) (Pretrial and Trial Testimony)

1993: Parker v. City of Hoquiam and Wells (Child Sexual Assault Investigation Techniques) for W. Dale Kamerrer, Attorney at Law, Olympia, WA

1994: Jeffrey Rosnick v. The University of Washington, Cause #: 92-2-20726-5 by Michael Madden, Assistant Attorney General, Washington State Attorney General's Office, Seattle, WA (Police Investigation Techniques) (Deposition)

1994: Cory Cummings v. Heath Properties Limited and Michael T. Martin Real Estate, for Kathy Bigos, Attorney at Law for Safeco Insurance, Seattle, WA (Premise Liability)

1994: Solem v. Snohomish County, Et al. U.S. District Court Cause #: C93-0884R, for Alfred Gehri, Snohomish County Deputy Prosecuting Attorney, Everett, WA and Diane Libby, Attorney at Law for Stafford, Frey, and Cooper, Seattle, WA (Police Use of Force)

1994: Beverly Bailey, Clarissa Freeman, Howard Blake v. Deja Vu and Hee and See Kang, King County Superior Court # 93-2-03017, For Darlene Johnson representing Safeco Insurance Co., (Homicide Investigation Procedures and Stalking issues) (Deposition)

1994: State of Arkansas v. Larry G. Coger (First Degree Murder) for Terry Jones, District Prosecutor, Washington and Madison Counties, Fayetteville, Arkansas (Testimony).

**1995:** Dunn and Pearson v. City of Pacific for Plaintiff's Attorney Robert Van Siclen, Auburn, WA (Police Use of Force and Investigation Techniques)

**1995:** Torres, E. v. City of Albuquerque for City Attorney Edwin Macy, Albuquerque, NM (Police Investigation Techniques in Murder Cases) (Deposition and Testimony).

**1995:** Hamilton v. United States, Civil No. C94-5183RJB, for Assistant U.S. Attorney Phil Lynch, Tacoma, WA (Police Investigation Techniques in Child Sexual Abuse Cases) (Deposition).

**1996:** State of Washington vs. David Wayne Kunze, No. 96-1-00773-1, First Degree Murder, for Dennis Hunter, Sr. Deputy Prosecuting Attorney for Clark County, WA. (Signature and Staged Scene Deposition and Testimony).

**1997:** State of Washington vs. Robert Parker, No. 96-1-07511-2SEA, Aggravated First Degree Murder, for Don Raz, Senior Deputy Prosecuting Attorney for King County, WA. (Signature Murder Testimony)

**1997:** In re the Detention of: Alan L. Meirhofer, State of Washington, Whatcom County, 96-2- 01119-0, Assistant Attorney General Todd Bowers (Signature Rape Deposition and Testimony).

**1997:** Clark Anthony Martin, et al. Vs. The City of Kirkland, et al, U.S. District Court, No. C96-1209-Z (Police Procedures - Use of Force) for Attorney Andrew Cooley, Seattle, WA. (Deposition and Testimony)

**1998:** R. v. Terrance Wayne Burlingham, British Columbia, Crown Counsel Dana Urban, Victoria, B.C. (Signature Murder Analysis).

**1998:** Elliot v. City of Auburn, (Homicide Investigation Procedures and Use of Force), for Attorney Andrew Cooley, Seattle, WA

**1999:** Skinner v. State, Signature and Posing Rape-Murder Characteristics, Defense Attorney James Egan, Kennewick, WA

**1999:** Hughes v. Tinsley, et al., Use of Force, Thurston County Prosecutor's Office, Attorney David Klumpp

**1999:** St. v. Barfield, King County Superior Court, Police Procedures and Sexual Assault Profiling, King County Public Defender's Office, Stephanie Adraktas.

**2000:** Schlultz v. State, et al., King County No. 99-2-20537-5KNT. Washington State Attorney General's Office, AAG Greg Jackson, Murder Investigation Procedures and Signature Analysis.

**2000:** Underdahl v. State, et al., King County No. 99-2-2054211KNT. Washington State Attorney General's Office, AAG Greg Jackson, Murder Investigation Procedures and Signature Analysis.

**2000:** Jones v. Steilacoom, et al., U.S. District Court Caouse No. C00-5295JKA, Attorney Andy Cooley, Police Procedures in Robbery Investigations.

**2000:** City of Des Moines adv. Fualaau, File No.: 4368/20772, Police Procedures in Child Sexual abuse, Attorney Michael C. Bolasina and Ann Bremner (Deposition).

**2000:** Rodriguez, Roberson, and Sims v. Douglas County, City of Wenatchee, and Perez, et al, King County Superior Court No. 98-2-07404-3 SEA, (Child Sexual Abuse Investigations), Attorney Robert Van Siclyn (Deposition and Testimony).

**2000:** Green v. City of Wenatchee, et al., Attorney Susan Elliot, Child Sexual Abuse Investigations (Wenatchee Sex Ring Cases).

**2000:** Cunningham v. City of Wenatchee, et al., Attorney Glen Draper, Child Sexual Abuse Investigations (Wenatchee Sex Ring Cases).

**2001:** State v. Chapman, King County Superior court, Attorney David Smith, Child Sexual Abuse Investigation Techniques.

**2001:** Basil Wilson v. Holland America, et al., United States District Court No. C99-2044C, Attorney Ted Willhite, Robbery and Assault Investigation Procedures and Security Procedures.

**2001:** State v. K. Noonan, Skagit County Superior Court, Attorney Roy Howson, Murder Investigation Procedures.

**2001:** State of Nevada v. Peter N. Bergna, Attorneys David Smith and Michael Schwartz, Washoe County Superior Court, Nevada, Homicide Investigation Procedures and Staged Crime Scenes (Testimony).

**2001:** Majacque Gregory v. City of Mountlake Terrace Police Department, et al., U.S. District Court Cause No. C00-1113Z, Attorney Mark Bucklin, Rape and Assault Investigations (Deposition).

**2001:** Connie Marlatt v. Perez, et al., U.S. District Court, Attorney Tyler Firkins, Child Sexual Abuse Investigations (Wenatchee Sex Ring Cases) (Deposition).

**2001:** State of Washington vs. Carol J. Carlson, Pierce County Superior Court Cause No. 01-1-03854-2, Deputy Prosecutor Barbara Corey-Broulet, Murder Scene Assessment and Staged Crime Scene.

**2001:** State of Washington vs. Daniel D. Carlson, Pierce County Superior Court Cause No. 01-1-03853-4, Assistant Chief Deputy Prosecutor Barbara Corey, Murder Scene Assessment and Staged Crime Scenes.

**2001:** Dana Farnes v. City of Cheney; Karen Winston, and Casey Family Partners, Spokane County Superior Court No. 01201272-4, Attorney J. Gregory Casey (Plaintiff), Child Sexual Abuse Investigations (Deposition).

**2001:** Jesse Runnels v. City of Miami, Attorney for the City Michael Fertig, Crime Scene Analysis and Homicide Investigation Procedures.

**2001:** State of Washington v. Robert Yates, Prosecutor Barbara Corey, Murder Scene and Signature Analysis (Report Written).

**2003:** Dorothy Johnson v. State of Washington/Department of Corrections, Pierce County Superior Court No. 03 2 06222 2, Attorney Thaddeus Martin, Tacoma, WA.

**2003:** Lisk v. Seguro, et al, U.S. District Court, Attorney James Lobsenz, Seattle, WA (Prepared Court Report) Police Operating Procedures and Investigation in Drug Cases

9

**2003:** Ingram v. State of Washington/Department of Corrections, King County Superior Court
No. 01-2-16216-1SEA, Attorney Thaddeus Martin, Tacoma, WA

**2003:** Trimble v. City of Auburn, US District Court No. C03-0557L, Attorney James Lobsenz,
Seattle, WA (Deposition) Police Procedures

**2003:** Bestrom v. Wal-Mart, US District Court (Oregon) Civil No. 3-2-01667AA, Attorney Timothy
Grabe, Portland, OR Assault Investigation Procedures and Gun Permit Responsibilities

**2003:** Claudia Parrales, Indiv. And a/n/f of Scott Parrales, a Minor v. Hammerly Oaks, Inc.
District Court of Harris County, Texas No. 2002-13070. Attorney Karen Chang, Preston
& Cowen, LLP, Houston, Texas

**2003:** Mihok v. City of Fife, Pierce County Superior Court, Attorney Thaddeus Martin, Tacoma,
Wa (Report Written) Profiling of DUI offenders

**2005:** Milo Harvey v. City of Everett, Attorney James Lobsenz and Christopher Carney, In
Custody Fatality Issues

**2006:** Julian James, etal, v. Harris County Sheriff's Department, etal, In the US District Court for
the Southern District of Texas – Houston, Attorney Benjamin Hall, Houston, TX (Report
Written) Police and Investigative Procedures and Use of Force

**2006:** Wardell v. City of Seattle Police Department, etal, Attorney Michael Schwartz (Deposition)
Police Traffic Accident Investigation Procedures

# TEACHING EXPERIENCE

## College and University Classes

March-June 2006:  Visiting Assistant Professor, **Seattle University**, Serial Murder,
Undergraduate 5 hour class

March-June 2006:  Visiting Assistant Professor, **Seattle University**, Introduction to Forensic
Science, Undergraduate 5 hour class

January-March 2006:  Visiting Assistant Professor, **Seattle University**, Criminal Investigation,
Undergraduate 5 hour class

January-March 2006:  Visiting Assistant Professor, **Seattle University**, Criminal Profiling,
Undergraduate 5 hour class

January-May 2006:  Associate Professor, **Sam Houston State University**, Criminal Profiling,
Undergraduate 3 hour class

January-May 2006:  Associate Professor, **Sam Houston State University**, Crime Scene
Investigation, Graduate 3 hours class

July 2005:  Guest Lecturer, **Saint Louis University**, Masters Course in Medico-legal Death
Investigation, The Green River Murders, 1.5 hour class

August-December 2005:  Associate Professor, **Sam Houston State University**, Forensic Pattern
Analysis, Graduate 3 hour class

10

August-December 2005: Associate Professor, **Sam Houston State University**, Serial Murder, ITV Internet Network, Undergraduate 3 hours class

September-December 2005: Visiting Assistant Professor, **Seattle University**, Criminal Investigation, Undergraduate 5 hour class

September-December 2005: Visiting Assistant Professor, **Seattle University**, Intro to Criminal Justice, Undergraduate 5 hour class

June-July 2004: Associate Professor, **Sam Houston State University**, Criminal Profiling, Graduate 3 hour class

July-August 2004: Associate Professor, **Sam Houston State University**, Serial Murder, Undergraduate 3 hour class

January-May 2004: Associate Professor, **Sam Houston State University**, Techniques of Crime Scene Investigation, Undergraduate 3 credit hour class.

January-May 2004: Associate Professor, **Sam Houston State University**, Techniques of Crime Scene Investigation, Graduate 3 credit hour class.

January-May 2004: Associate Professor, **Sam Houston State University**, Serial Murder, Undergraduate 3 credit hour class.

August-December 2003: Associate Professor, **Sam Houston State University**, Serial Murder, Undergraduate 3 credit hour class.

August-December 2003: Associate Professor, **Sam Houston State University**, Serial Murder, Graduate 3 credit hour class.

August-December 2003: Associate Professor, **Sam Houston State University**, Criminal Investigation, Undergraduate 3 credit hour class.

| | |
|---|---|
| April-June 2003: | Adjunct Professor, **Seattle University**, Criminal Profiling, Undergraduate 3 hour class. |
| January- March 2003: | Adjunct Professor, **Seattle University**, Theories of Criminal Investigation, Undergraduate 3 hour class. |
| June 2002: | Guest Lecturer, Institute for Criminology, **University of Paris**, Instutute de Profilage et d'Analyse Criminelle, Criminal Profiling Presentation (Signature and MO Analysis), Paris, France (2 Hours). |
| April 2002: | Guest Lecturer, Criminal Personality Profiling Class, **Seattle University**, (2 Hours). |
| March-June 2002: | Affiliate Professor, **University of Washington**, Sociology 275 (Murder), Undergraduate 5 hour class. |
| January March 2002: | Affiliate Professor, **University of Washington**, Sociology 275 (Murder), Undergraduate 5 hour class. |
| October 2001: | Lecturer, **Michigan State University** Criminal Justice Program, East Lansing, Michigan, Serial Murder and the Theodore Robert Bundy Investigations (2 hours). |

11

August 2001:         Visiting Professor, **Washington State University** Graduate School in
                     Criminal Justice, Theories of Investigation, 3 hour class.

August 2001:         Visiting Professor, **Washington State University** Graduate School in
                     Criminal Justice, Serial Murder, 3 hour class.

January 2001:        Guest Lecturer, **University of Liverpool**, Masters in Investigative
                     Psychology Program and the 6th Annual Investigative Psychology
                     Conference, Homicide Investigation and Tracking Programs and
                     Homicide Solvability Research, (4 hours).

Sept-December 2000:  Affiliate Professor, **University of Washington**, Sociology 275 (Murder),
                     Undergraduate 5 hour class.

March-June 2000:     Affiliate Professor, **University of Washington**, Sociology 275 (Murder),
                     Undergraduate 5 hour class.

March 2000:          Lecturer, **University of Liverpool**, Investigative Psychology Program,
                     Investigating Criminal Actions, Homicide Information and Tracking
                     Systems and Signature Murderers, Liverpool, England (4 hours).

Sept-December 1999:  Affiliate Assistant Professor, **University of Washington**, Sociology 275
                     Murder, Undergraduate 5 hour class.

March-June 1999:     Affiliate Assistant Professor, **University of Washington**, Sociology 275
                     Murder, 5 hour class.

January-March 1999:  Adjunct Faculty, **University of Washington**, Theories of Investigation,
                     Extension School, 3 hour class.

Sept-December 1998:  Visiting Professor, **University of Washington**, Sociology 275 (Murder),
                     Undergraduate 5 hour class.

Sept-December 1998:  Visiting Professor, **University of Washington**, Sociology 275 (Murder),
                     Undergraduate 5 hour class.

June-August 1998:    Visiting Professor, **University of Washington**, Sociology 275 (Murder),
                     Undergraduate 5 hour class.

Sept-December 1997:  Visiting Professor, **University of Washington**, Sociology 275 (Murder)
                     Undergraduate 5 hour class.

Sept-December 1997:  Adjunct Faculty, **University of Washington**, Theories of Investigation,
                     Extension School 3 hour class.

March-June 1998:     Adjunct Faculty, **University of Washington**, Criminal Personality
                     Profiling, Extension School 3 hour class.

March-June 1998:     Visiting Professor, **University of Washington**, Sociology 275 (Murder)
                     Undergraduate 5 hour class.

January-March 1998:  Adjunct Faculty, **University of Washington**, Psychological and
                     Sociological Aspects of Serial Murder, Extension School 3 hour class.

12

| April-June 1997: | Visiting Professor, **University of Washington**, Sociology 275 (Murder), Undergraduate 5 hour class. |
| May 1996: | Guest Lecturer, **Pierce College**, Tacoma, WA, Resolving Unsolved Murders (3 hours) |
| March-June 1996: | Adjunct Faculty, **University of Washington**, The Psychological and Sociological Aspects of Serial Murder Investigations, Extension School 3 hour class. |
| January-March 1996: | Adjunct Faculty, **University of Washington**, Theories of Investigation, Extension School 3 hour class. |
| February 1996: | Guest Lecturer, **Pierce College**, Tacoma, WA, Resolving Unsolved Murders (3 hours) |
| June 1995: | Guest Lecturer, **Pierce College**, Tacoma, WA, Resolving Unsolved Murders (3 hours) |
| March 1995: | Guest Speaker, Homicide Investigation Information Systems, Executive Issues Seminar, **Sam Houston State University**, Amarillo, Texas |
| January-March 1995: | Adjunct Faculty, **University of Washington**, Theories of Investigation, Extension School 3 hour class. |
| January-March 1995: | Adjunct Faculty, **Central Washington University**, Theories of Investigation, Undergraduate 3 hour class. |
| Sept-December 1994: | Adjunct Faculty, **Central Washington University**, Seminar on Murder, Undergraduate 2 hour Class. |
| September 1994: | Guest Lecturer, **Pierce College**, Tacoma, WA, Resolving Unsolved Murders (3 hours) |
| June-August 1994: | Adjunct Faculty, **Central Washington University**, Theories of Investigation, Undergraduate 3 hour class. |
| June 1994: | Guest Lecturer, **Pierce College**, Tacoma, WA, Resolving Unsolved Murders (3 hours) |
| May 1994: | Adjunct Faculty, **Seattle University**, A Theoretical Approach to Homicide Investigation (9 hours) |
| March-June 1994: | Adjunct Faculty, **University of Washington**, Theories of Investigation, Extension School 3 hour class |
| November 1993: | Guest Lecturer, **Pierce College**, Tacoma, WA, Resolving Unsolved Murders (3 hours) |
| Oct-December 1993: | Adjunct Faculty, **University of Washington**, The Psychological and Sociological Aspects of Serial Murders, Extension School 3 hour class. |
| June-August 1993: | Adjunct Faculty, **Central Washington University**, Multiple Homicide Events, Undergraduate 3 hour class. |

13

| | |
|---|---|
| May 1993: | Guest Lecturer, **Pierce College**, Resolving Unsolved Murders (3 hours) |
| March-June 1993: | Adjunct Faculty, **University of Washington** Extension, Theories of Investigation, Extension School 3 hour class. |
| March-June 1993: | Adjunct Faculty, **Central Washington University**, Theories of Investigation, Undergraduate 3 hours class. |
| November 1992: | Guest Lecturer, **Pierce College**, Resolving Unsolved Murders (3 hours) |
| June-August 1992: | Adjunct Faculty, **Central Washington University**, Criminal Justice Program, Multiple Homicide Events, Undergraduate class 3 hour class |
| May 1992: | Guest Lecturer, **University of Washington**, Society and Justice Program, Elements of Investigation, (1 hour) |
| May 2, 1991: | Guest Lecturer, **University of Washington**, Society and Justice Program, Detective Work, (2 hours) |
| November 1990: | Guest Lecturer, **University of Washington**, Department of Sociology, Serial Murders, (2 hours) |
| June 1990: | Adjunct Professor, **Central Washington University**, Multiple Murder, Undergraduate 3 hour class. |
| May 1990: | Guest Lecturer, **University of Washington**, Sociology Department, Serial Murder Investigation, (3 hours) |
| March 1990: | Instructor, **Bellevue Community College**, Criminal Justice Program, Homicide Investigation, 5 hour course. |
| January 1990: | Guest Lecturer, **Seattle University**, Criminal Justice Program, Serial Murder Investigation, (2 hours) |
| October 1989: | Guest Lecturer, **Pacific Lutheran University**, Tacoma, WA, Serial Murder Investigation, (2 hours). |
| March 1989: | Adjunct Professor, **Central Washington University**, Criminal Justice Program, Multiple Murder, Undergraduate 3 hour class. |
| October 1989: | Guest Lecturer, **Washington Criminal Justice Educator's Association**, Ted Bundy Presentation, (2 hours) |
| May 1988: | Guest Lecturer, **University of Illinois**, Criminal Justice Program, Serial Murder Investigation, Champaign, Illinois (3 hours) |
| April 1988: | Guest Lecturer, **Washington State University**, Criminal Justice Program, Serial Murder Investigation, Pullman, WA (2 hours) |
| October 1986: | Keynote Speaker, Serial Murders, **Western and Pacific Association Of Criminal Justice Educators** 1986 Annual Meeting, Seattle, WA. |
| March 1986: | Guest lecturer, **Sam Houston State University**, Huntsville, Texas, Tracking Serial Murderers (3 hours) |

-28-

14

| October 1985: | Guest lecturer, **Central Washington University**, Ellensburg, WA, Small Agency Investigations, Serial Murder Investigations (2 hours) |
| September 1984: | Guest lecturer, **Des Moines Community College**, Iowa, The Investigation of Serial Murders (3 hours) |
| May 1984: | Guest lecturer, Department of Sociology, **Seattle University**, Serial Murder Investigation (2 hours) |
| November 1983: | Lecturer, Serial Murder Investigation, **Simon Fraser University**, Seminar Series |
| May - June 1979: | Instructor, **Columbia College**, Juvenile Delinquency, Undergraduate 3 hour class. |
| November 1978: | Guest lecturer, Death Investigation Seminar, **University of Washington** School of Medicine |
| November 1978 -1999: | Member, Advisory Board, **Bellevue Community College**, Department Of Criminal Justice |
| November 1978: | Guest lecturer, **Seattle City College**, Criminal Law |
| Oct - January 1979: | Instructor, **Columbia College**, Criminal Investigation, Undergraduate 3 hour course. |
| Aug - October 1978: | Instructor, **Columbia College**, Police Process, Undergraduate 3 hour Class. |
| Sept - December 1977: | Instructor, **North Seattle Community College**, Advanced Criminal Behavior (5 hour course) |
| Sept - December 1976: | Instructor, **North Seattle Community College**, Juvenile Delinquency (5 hour course) |
| Jan - March 1976: | Instructor, **North Seattle Community College**, Juvenile Delinquency (5 hour course) |
| Jan - March 1975: | Instructor, **North Seattle Community College**, Juvenile Delinquency (5 hour course) |
| Sept - Dec 1971: | Instructor, **North Seattle Community College**, Juvenile Delinquency, (5 hour course) |
| Sept 1966 - June 1967: | Teaching Assistant, **Washington State University** |

        a. Instructed Criminal Investigation and Laboratory (5 hour course)
        b. Instructed Identification Techniques and Laboratory (5 hour course)
        c. Reviewed case briefs in Criminal Law (3 hour course)
        d. Reviewed case briefs in Law of Evidence (3 hour course)
        e. Assistant Instructor, Police Record Systems (3 hour course)
        f. Part-time counselor for Police Science students problems.

15

# Police Training and Seminar Presentations

April 2004:  Guest Speaker, Criminal Profiling, Criminal Justice Educators of Texas Annual Conference

April 2004:  Keynote Speaker, Virginia Department of Criminal Justice, Crime Analysts Conference, Multiple Murder Investigations (2 hours)

April 2004:  Guest Speaker, Virginia Institute of Forensic Sciences and Medicine, Cold Case Squad (2 hours)

March 2004:  Abstract paper presentation: ACJS, Washington State Data Set

March 2004:  Guest Speaker, University of West Florida and Santa Rosa County Sheriff's Department, Pensacola, FL, Multiple Murder Investigation (2 hours)

March 2004:  Guest Instructor, Kansas City Homicide Squad, Kansas City, MO Advanced Homicide Investigation (3 days)

February 2004:  Workshop Chairman, Academy of Forensic Sciences, Signature and MO Murder Presentation 8 hours, Dallas TX

February 2004:  Keynote Speaker, General Section Luncheon, Academy of Forensic Sciences, Dallas, TX, Green River Murders

March 2003:  Guest Lecturer, Washington Association of Criminal Defense Lawyers, Crime Scene Investigations, (1 Hour)

March 2003:  Lecturer, Kittitas County Sheriff's Officer's Association, Serial Murder Investigations, (20 Hours)

November 2002:  Keynote Speaker, State of Virginia Criminal Justice Department, International Vendors Fair, Signature and MO Murder Analysis, (2 Hours).

November 2002:  Lecturer, Kansas City Missouri Police Department, Advanced Homicide Investigation Training, (24 Hours)

September 2002:  Guest Instructor, Serial Murder Investigation and Task Force Organization, Tucson Police Department (2-days)

April-May 2002:  Course Coordinator and Instructor, Advanced Homicide Investigation Techniques, Washington State Criminal Justice Training Commission, (40 Hours)

April 2002:  Guest Lecturer, Serial and Signature Murder Investigations, Phoenix PD and Child Help USA, (8 Hours)

April 2002:  Lecturer, Advanced Homicide Investigation, Police Executive Research Forum for the Kansas City and Overland Park Police Departments, (16 Hours)

February 2002:  Workshop Chairman and Lecturer, Academy for Forensic Sciences Annual Meeting, Atlanta, Georgia, Theodore Robert Bundy: Why He is the Real Hannibal Lecter, (8 hours)

February 2002:  Program Presenter, A Signature Analysis of the Eight Whitechapel Murders Attributed to Jack the Ripper

16

-30-

| January 2002: | Course Coordinator and Lecturer, Using Computers to Help Solve Violent Crimes, Clackamas County Sheriff's Office Training Division, Clackamas, Oregon (8 hours) |
| October 2001: | Lecturer, Michigan State Polygraph Association, Procedures for Interviewing Murderers and Rapists, East Lansing Michigan (3 hours) |
| October 2001: | Lecturer, Michigan Homicide Investigators, East Lansing, Michigan, Serial and Signature Murder Investigation Procedures (8 hours) |
| June 2001: | Course Coordinator and Lecturer, Using Computers to Help Solve Violent Crimes, Los Angeles Sheriff's Office, Los Angeles, CA, (8 hours) |
| June 2001: | Course Coordinator and Lecturer, Using Computers to Help Solve Violent Crimes, St. Louis Police Academy, St. Louis, MO, (8 hours) |
| May 2001: | Course Coordinator and Lecturer, Using Computers to Help Solve Violent Crimes, Nebraska State Patrol, Omaha, NB (8 hours) |
| April 2001: | Course Coordinator and Lecturer, Using Computers to Help Solve Violent Crimes, Iowa Division of Criminal Investigation, Des Monies, IA (8 hours) |
| April 2001: | Course Coordinator and Lecturer, Using Computers to Help Solve Violent Crimes, Sam Houston State University, Criminal Justice Program, (8 hours) |
| April 2001: | Course Coordinator and Lecturer, Using Computers to Help Solve Violent Crimes, California Department of Justice, Sacramento Police Department, and the Asian Police Officers Association, Sacramento, CA (8 hours) |
| April 2001: | Course Coordinator and Lecturer, Using Computers to Help Solve Violent Crimes, Montgomery County Police Academy, West Conshohocken, PA, (8 hours) |
| April 2001: | Course Coordinator and Lecturer, Using Computers to Help Solve Violent Crimes, Sam Houston State  University, Criminal Justice Program, (8 hours) |
| March 2001: | Course Coordinator and Lecturer, Using Computers to Help Solve Violent Crimes, Florida Department of Law Enforcement, Tampa, FL, (8 hours) |
| March 2001: | Course Coordinator and Lecturer, Using Computers to Help Solve Violent Crimes, Criminal Justice Institute, Little Rock, AR, (8 hours) |
| March 2001: | Course Coordinator and Lecturer, Using Computers to Help Solve Violent Crimes, Morris County Police Academy, New Jersey State Police, Parissipany, NJ, (8 hours) |
| March 2001: | Workshop Chairman and Lecturer, Academy of Forensic Sciences, Using Computers to Help Solve Violent Crimes, Seattle, WA, (8 hours) |
| November 2000: | Course coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission, Richland, WA, (40 hours) |
| October 2000: | Lecturer, University of Memphis-Criminal Justice Institute, Police Executive Research Forum, Basic Homicide Investigation, Memphis, TN (18 Hours) |

17

September 2000: Course Coordinator and Lecturer, Criminal Justice Institute, University of Arkansas, Major Crimes Investigation, Little Rock, AR, (18 Hours)

August 2000: Guest Lecturer, Western States Vice Officers' Association Annual Meeting, Prostitute Murders, Scottsdale, AZ, (3 Hours)

June 2000: Course Coordinator and Lecturer, Managing Investigative Technologies, Washington State Criminal Justice Training Commission, Spokane, WA, (8 hours)

May 2000: Course Coordinator and Lecturer, Managing Investigative Technologies, Washington State Criminal Justice Training Commission, Leavenworth, WA, (8 hours)

April 2000: Course coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission, Burien, WA, (40 hours)

April 2000: Course Coordinator and Lecturer, Managing Investigative Technologies, Regional Organized Crime Intelligence Commission (ROCIC), Nashville, TN, (8 hours)

April 2000: Course Coordinator and Lecturer, Managing Investigative Technologies, Kansas Bureau of Investigation, Topeka, KS, (8 hours)

April 2000: Course Coordinator and Lecturer, Managing Investigative Technologies, Orange County District Attorney's Office, Santa Ana, CA, (8 hours)

March 2000: Guest Lecturer, Sexual Assault/Stalking Conference, Massachusetts State Police, Violent Criminal Apprehension Program (VICAP), Signature Murders and Major Case Management, (16 hours)

February 2000: Course Coordinator and Lecturer, Managing Investigative Technologies, National Center for Missing and Exploited Children, Alexandria, VA, (8 hours)

January 2000: Course Coordinator and Lecturer, Managing Investigative Technologies, New Mexico Police Academy, Santa Fe, NM, (8 hours)

December 1999: Guest Lecturer, Third Annual International Crime Mapping Research Conference Orlando, Florida, Crime Mapping for Investigative Purposes: Can. you catch a Ted Bundy with your data? (Workshop Presentation)

February 1999: Workshop Chairman and Lecturer, Academy for Forensic Sciences Annual Meeting, Orlando, Florida, The Investigation of Child Abduction Murders, (8 hours.

January 1999: Lecturer, National Center for Missing and Exploited Children, Arlington, VA, Case Management for Missing Children Homicides, (2 hours)

December 1998: Course Coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission (40 hours)

October 1998: Visiting Lecturer, 6th Annual Investigation for Identification, The Forensic Disciplines in Investigation, Office of the Medical Examiner, Pensacola, Florida, Signature Murders, (2 Hours)

18

September 1998: Visiting Lecturer, Pennsylvania State Police Investigator's Course on Basic Homicide Investigation and Signature Murders, (Two Days)

September 1998: Visiting Lecturer, Criminal Justice Institute, Little Rock, Arkansas, Homicide Investigation Tracking Systems, Course held by the Society and Justice Program, University of New Orleans (2 Hours)

July 1998:        Visiting Lecturer, The Annual Conference on Criminal Justice Research and Evaluation, National Institute of Justice, Washington D. C., Abducted Children Homicide Investigation, (2 hours)

July 1998:        Visiting Lecturer, National Missing and Unidentified Persons Violent Crime Workshop, California Department of Justice, Sacramento, CA, The Homicide Investigation and Tracking System, (2 Hours)

May 1998:         Visiting Lecturer, 16th Annual International Homicide Investigator's Seminar, Toronto Police Homicide Unit, Signature Killers, (2 Hours)

April 1998:       Visiting Lecturer, Michigan State Police Supervisors Conference, Big Rapids, Michigan, Signature Murder Presentation (4 hours)

April 1998:       Visiting Lecturer, Wisconsin Association of Homicide Investigators, Green Bay, Wisconsin, Signature Murder Presentation (4 hours)

April 1998:       Visiting Lecturer, The Serial/Sexual Predator Conference, East Lansing, Michigan, Signature Murder Presentation (2 hours)

February 1998:    Workshop Chairman and Presenter, Academy of Forensic Sciences Meeting San Francisco, Signature Murders, (4 hours)

January 1998:     Course Coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission (40 hours)

September 1997: Visiting Professor, St. Georges Medical School, London, England, For the Forensics Group, Serial/Signature Murder Presentations)(Three Days)

May 1997:         Course Coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission (40 hours)

April 1997:       Instructor, King County Prosecutor's Office, Seattle, WA, Death Scene Analysis, CLE credit, (4 hours)

March 1997:       Guest Speaker, 24th National Conference on Juvenile Justice, National Council of Juvenile and Family Court Judges and the National Districts Attorneys Association, Investigation of Child Abduction Murders, Reno, Nevada (1 Hour)

Sept-Dec 1996:    Course Coordinator and Instructor, Advanced Homicide Techniques, Washington State Criminal Justice Training Commission (80 hours)

June 1996:        Course Coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission (40 hours)

January 1996:     Guest Lecturer, Georgia Bureau of Investigation, Child Abuse and other Child Murders Investigations, Forsyth, GA, (4 hours)

19

December 1995: Course Coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission (40 hours)

November 1995: Guest Lecturer, Florida Homicide Investigator's Association Annual Seminar, Signature Murders, San Destin, Florida (4 hours)

Aug-Nov 1995:   Instructor, Advanced Homicide Investigation, Washington State Criminal Justice Training Commission, (80 Hours)

September 1995: Guest Lecturer, Colorado Association of Sex Crimes Investigators, Sex-related Murders and Signature Killers), Snowmass, Colorado (4 hours)

September 1995: Guest Lecturer, Swedish National Police College, Serial Murders and Signature Killers, Stockholm, Sweden, (16 hours)

August 1995:    Guest Lecturer, Serial Crime and Major Case Investigations, Gainsville Police Department Seminar in Orlando, Florida (4 hours)

Aug-Nov 1995:   Instructor, Advanced Techniques in Homicide Investigation, Washington State Criminal Justice Training Commission, (80 hours)

May 1995:       Course Coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission (40 hours)

April 1995:     Guest Lecturer, Homicide Investigation Seminar, Saint John, New Brunswick, Canada (20 hours)

April 1995:     Guest Lecturer, Signature Murders, Crown Attorneys of British Columbia, Canada (3 hours)

November 1994:  Course Coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission (40 hours)

August 1994:    Guest Speaker, 1994 Search International Symposium on Criminal Justice Information Systems, Washington D.C.

June 1994:      Guest Lecturer, Annual Toronto Metropolitan Homicide Seminar, Serial Murder Investigations and Signature Murders (8 hours)

May 1994:       Guest Lecturer, International Association of Identification, Murder Scene Analysis (3 hours)

April 1994:     Course Coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission (40 hours)

March 1994:     Instructor, Murder Scene Analysis, Washington State Criminal Justice Training Commission (4 hours)

Jan-March 1994: Instructor, Advanced Homicide Investigation, Washington State Criminal Justice Training Commission (33 hours)

December 1993:  Course Coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission (40 hours)

November 1993:  Guest Lecturer, Federal Public Defender's National Convention, Seattle, WA, Murder Scene Analysis (3 hours)

20

-34-

September 1993: Instructor, Murder Scene Analysis, Washington State Criminal Justice Training Commission (4 hours)

July 1993:      Guest Lecturer, National Vice Conference, New Orleans, Serial Murders, (8 hours)

June 1993:      Course Coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission, (40 hours)

June 1993:      Guest Lecturer, Toronto Police Annual Homicide Seminar, Canada, Murder Scene Analysis and Ted Bundy Murder Cases, (7 hours)

May 1993:       Instructor, Murder Scene Analysis, Washington State Criminal Justice Training Commission, (4 hours)

April 1993:     Guest Lecturer, National Law Enforcement Institute, Signature Murders, Solvability Factors, Chicago, II., (3 hours)

March 1993:     Guest Lecturer, National Conference on Serial Murder, Missing Persons, and Unidentified Dead, Regional Organized Crime Intelligence, Case management Strategies, Signature Murders, Nashville, TN (6 hours)

October 1992:   Course Coordinator and Instructor, Basic Homicide Investigation Course, Washington State Criminal Justice Training Commission, (80 hours)

October 1992:   Guest Lecturer, Psychopathic Murderers, Abnormal Psychology, Shoreline Community College, (1 hour)

September 1992: Guest Lecturer, Murder Scene Analysis, Solving Murders, and Signature Murders, National Law Enforcement Institute, San Diego, California, (4 hours)

September 1992: Instructor, Crime Scene Investigation, Murder Scene Analysis, Washington State Criminal Justice Training Commission, (4 hours)

June 1992:      Guest Lecturer, Washington Law Enforcement Association Seminar, Homicide Investigation and Tracking System, (3 hours)

May 1992:       Instructor, Crime Scene Investigation, Washington State Criminal Justice Training Commission, Murder Scene Analysis, (4 hours)

May 1992:       Guest Lecturer, 1992 Homicide Investigation Seminar, The Ted Bundy Murders, Yakima, WA, (2 hours)

April-June 1992: Instructor, Advanced Murder Investigation, Washington State Criminal Justice Training Commission, (80 hours)

April 1992:     Guest Lecturer, Texas Homicide Symposium, Collin County Criminal District Attorney's Office, McKinney, TX, (3 hours)

April 1992:     Guest Lecturer, Seventh Medico-legal Investigation of Death Seminar, West Virginia University School of Medicine, The Investigation of Serial Homicide, Morgantown, WV, (4 hours)

March 1992:     Course Coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission, (40 hours)

21

February 1992: Guest Lecturer, National Law Enforcement Institute, Murder Scene Analysis, San Diego, CA, (3 hours)

November 1991: Guest Lecturer, Shoreline Community College, Psychology Program, Psychopathic Killers, (1 hour)

November 1991: Course Coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission, (40 hours)

October 1991: Guest Lecturer, Southwest Texas Homicide Investigators, Techniques of Homicide Investigation, El Paso, Texas, (4 hours)

June 1991: Faculty Instructor, Washington Defender Association, Investigation Training, Seattle, Investigating a Murder Scene, (3 hours)

June 1991: Course Coordinator and Instructor, Basic Homicide Investigation, Washington State Criminal Justice Training Commission, (40 Hours)

May 1991: Guest Instructor, Georgia Police Academy, Homicide Investigation, Forsyth, Georgia, (20 hours)

April 1991: Guest Lecturer, National Conference on Serial Murders, Unidentified Bodies and Missing Persons, Regional Organized Crime Intelligence Center, Nashville, Tennessee, Homicide Information and Tracking System and the Ted Bundy Murders, (3 hours)

April 1991: Guest Instructor, King County Prosecutor's Annual Training, Murder Scene Analysis (2 hours)

February 1991: Guest Instructor, National Law Enforcement Institute, Homicide Investigation Seminar, San Diego, CA, (2 hours)

February 1991: Course Coordinator, Basic Criminal Investigation, Washington State Criminal Justice Training Commission, (40 hours)

January 1991: Guest Faculty, National Center for the Prosecution of Child Abuse, American Prosecutor's Research Institute Annual Seminar, San Diego, California, Child Murders, (8 hours)

December 1990: Course Coordinator and Instructor, Homicide Investigation School, Washington State Criminal Justice Training Commission, (40 hours)

November 1990: Course Coordinator, Basic Criminal Investigation School, Washington State Criminal Justice Training Commission, (40 Hours)

October 1990: Guest Lecturer, International Homicide Investigator's Association Annual Seminar, Homicide Information and Tracking System, Kansas City, (2 Hours)

July 1990: Guest Lecturer, Florida Public Defender's Association, Annual Seminar, Murder Scene and Serial Murder Investigations, (8 hours)

May 1990: Guest Lecturer, Wisconsin Sheriff's and Police Chief's Annual Conference, Management of Murder Task Forces, (2 hours)

May 1990: Guest Lecturer, Washington Psychological Association, Ted Bundy Presentation, (2 hours)

22

April 1990:         Course Coordinator/Instructor, Washington State Criminal Justice Training
                    Commission, Basic Criminal Investigator's School, (40 hours)

March 1990:         Instructor, Washington State Criminal Justice Training Commission, Death
                    Scene Analysis, (4 hours)

February 1990:      Guest Instructor, Georgia Police Academy, Homicide Investigation, (16 hours)

January 1990:       Instructor, King County Prosecutor's Office, Seattle, WA, Death Scene Analysis,
                    CLE credit, (2 hours)

December 1989:      Course Coordinator/Instructor, Washington State Criminal Justice Training
                    Commission, (40 hours)

November 1989:      Guest Lecturer, Washington Association of Sheriff's and Police Chiefs Annual
                    Conference, Homicide Information and Tracking Systems, (2 hours)

October 1989:       Correctional Association Annual Convention, Ted Bundy Presentation, (2 hours)

Sept-Dec 1989:      Instructor, Washington State Criminal Justice Training Commission, The Study
                    of Murder Investigation, (80 hours)

September 1989:     Guest Lecturer, Seattle Forensic Institute, Ted Bundy Presentation, (2 hours)

July 1989:          Guest Lecturer, Washington Investigator's Association, Bellevue, WA,
                    Interviewing and Interrogation, (1 hour)

July 1989:          Guest Lecturer, Pacific Northwest Association of Trial Lawyers Annual
                    Conference, Ted Bundy Presentation, (2 hours)

June 1989:          Guest Lecturer, Washington Association of Prosecuting Attorneys' Annual
                    Conference, Ted Bundy Presentation, (2 hours)
June 1989:          Course Coordinator/Instructor, Washington State Criminal Justice Training
                    Commission, Basic Criminal Investigator's School, (40 hours)

May 1989:           Instructor, King County Prosecutor's Office, Seattle, Death Scene Analysis,
                    CLE credit, (2 hours)

May 1989:           Guest Lecturer, Northwest Forensic Sciences Association, Ted Bundy
                    Presentation, (2 hours)

May 1989:           Guest Lecturer, Washington Association of Sheriff's and Police Chiefs Annual
                    Conference, Ted Bundy Presentation, (2 hours)

April 1989:         Guest Lecturer, Peach Arch Law Enforcement Council, USA and Canada, Ted
                    Bundy Presentation, (2 hours)

March 1989:         Instructor, Washington State Criminal Justice Training Commission, Death
                    Scene Analysis, (8 hours)

February 1989:      Guest Lecturer, American Academy of Forensic Sciences, Problems in Serial
                    Murder Investigations, Las Vegas, Nevada (1 hour)

February 1989:      Guest Lecturer, Advanced Arson Investigation Seminar, Denver Fire
                    Department, Serial Murder Investigation (4 hours)

23

January 1989: Instructor, Washington State Criminal Justice Training Commission, Detective School (40 hours)

December 1988: Guest Speaker, VICAP/State Cooperative Projects Conference, FBI Academy, Quantico, VA, Washington State Homicide Information and Tracking System (HITS) (2 hours)

November 1988: Guest Lecturer, National Law Enforcement Institute, Serial Murder Investigation, Dallas, Texas (3 hours)

October 1988: Guest Lecturer, National Law Enforcement Institute, Serial Murder Investigation, Kansas City, MO (3 hours)

Sept - Dec 1988: Instructor, Washington State Criminal Justice Training Commission, Advanced Homicide Investigation Techniques (80 hours)

September 1988: Guest Lecturer, International Homicide Investigation Seminar, Hocking Technical College, Serial Murder Investigation, Columbus, Ohio (3 hours)

September 1988: Guest Speaker, International Association of Women Police, Serial Murder Investigation, Atlanta, GA (1 hour)

September 1988: Guest Lecturer, Georgia Police Academy, Homicide Investigation School, Serial Murder Investigation, Forsythe, Georgia (3 hours)

June 1988: Instructor, Washington State Criminal Justice Training Commission, Death Scene Analysis (8 hours)

June 1988: Guest Speaker, VICAP International Homicide Symposium, FBI Academy, Quantico, VA (1 hour)

May 1988: Guest Lecturer, International Homicide Investigation Seminar, Serial Murder Investigation, Scottsdale, Arizona (3 hours)

May 1988: Guest Lecturer, Lost Child Network, Advanced Masters Course, Serial Murder Investigation, Kansas City, MO (3 hours)

April 1988: Instructor, Washington State Criminal Justice Training Commission, Death Scene Analysis (8 hours)

Mar - June 1988: Instructor, Washington State Criminal Justice Training Commission, Advanced Homicide Investigation Techniques (80 hours)

March 1988: Guest Instructor, Investigation of Serial Crimes, Sam Houston State University, Huntsville, Texas (3 hours)

March 1988: Guest Speaker, California Homicide Investigator's Association Annual Conference, Problems with Serial Murder Investigations (3 hours)

February 1988: Guest Lecturer, Symposium on Micro-computers for Law Enforcement (S.M.I.L.E.), Uses of Computers in Serial Murder Investigations, Jacksonville, Florida (4 hours)

February 1988: Instructor, Washington State Criminal Justice Training Commission, Death Scene Analysis (8 hours)

24

| January 1988: | Instructor, Washington State Criminal Justice Training Commission, Detective School (40 hours) |
| March 1987: | Instructor, Washington State Criminal Justice Training Commission, Death Scene Analysis (8 hours) |
| June 1987: | Instructor, Washington State Criminal Justice Training Commission, Death Scene Analysis (8 hours) |
| June 1987: | Guest Lecturer, Washington Association of Prosecuting Attorney's Annual Conference, Death Scene Analysis (3 hours) |
| June 1987: | Guest Lecturer, Washington State Law Enforcement Association Annual Conference, Homicide Investigation Techniques (8 hours) |
| September 1987: | Guest Lecturer, National Conference on Serial Murders, Unidentified Bodies And Missing Persons, Nashville, Tennessee (2 hours) |
| October 1987: | Guest Lecturer, National Law Enforcement Institute, Serial Murder Investigation, Ann Arbor, Michigan (3 hours) |
| Sept - Oct 1987: | Instructor, Washington State Criminal Justice Training Commission, Advanced Homicide Techniques (80 hours) |
| August 1986: | Presenter, Multi-agency Investigative Team Workshop for Serial Murders, National Institute of Justice, Phoenix, Arizona (3 hours) |
| June 1986: | Instructor, Washington State Criminal Justice Training Commission, Death Scene Analysis, (8 hours) |
| June 1986: | Guest lecturer, Northwest Check Investigators Association. Bellevue, WA, Interviewing Techniques (1 hour) |
| April - July 1986: | Instructor, Washington State Criminal Justice Training Commission, Advanced Homicide Techniques (80 hours) |
| May 1986: | Guest lecturer, Davis Area and Utah Peace Officer Standards, Death Scene Investigation and Serial Murder Investigation, Ogden, Utah (8 hours) |
| April 1986: | Guest lecturer, National Conference on Serial Murders, Unidentified Bodies and Missing Persons. Oklahoma City, Oklahoma (2 hours) |
| March 1986: | Instructor, Washington State Criminal Justice Training Commission, Death Scene Analysis (8 hours) |
| February 1986: | Guest lecturer, Pacific Northwest Forensic Examiners, Evergreen College, Olympia, Washington (2 hours) |
| January 1986: | Guest lecturer, Burien Fire Department, Death Scene Analysis (3 hours) |
| November 1985: | Guest lecturer, Washington State Criminal Justice Training Commission, Coroner's Class, Role of the Coroner in Police Investigations (2 hours) |
| September 1985: | Guest lecturer, National Law Enforcement Institute, Serial Murder Investigation (3 hours) |

25

Sept - Dec 1985: Instructor, Washington State Criminal Justice Training Commission, Advanced Homicide Techniques (80 hours)

June 1985: Instructor, Washington State Criminal Justice Training Commission, Death Scene Analysis (8 hours)

June 1985: Guest lecturer, Issaquah Fire Department, Death Scene Analysis (3 hours)

May 1985: Guest lecturer, National Law Enforcement Institute, Serial Murder Investigation, Chicago, Ill. (4 hours)

April 1985: Instructor, Washington State Criminal Justice Training Commission, Death Scene Analysis (8 hours)

April 1985: Guest lecturer, National Law Enforcement Institute, Serial Murder Investigation, New Orleans (4 hours)

Mar - June 1985: Instructor, Washington State Criminal Justice Training Commission, Advanced Homicide Techniques (80 hours)

March, 1985: Guest lecturer, National Law Enforcement Institute, Denver, Colorado, Serial Murder Investigation (4 hours)

Mar 1985: Instructor, Washington State Criminal Justice Training Commission, Death Scene Analysis (8 hours)

Feb 1985: Guest lecturer, Royal Canadian Mounted Police, Vancouver, B.C., Serial Murder Investigation (2 hours)

Feb 1985: Guest lecturer, National Law Enforcement Institute, Las Vegas, Nevada, Serial Murder Investigation (4 hours)

Dec 1984: Guest lecturer, Oregon-Washington Lawman's Association, The Green River Murders (2 hours)

Nov 1984: Guest lecturer, National Law Enforcement Institute, Atlanta, Georgia, Serial Murder Investigation (3 hours)

Nov 1984: Guest lecturer, National Law Enforcement Institute, Dallas, Texas, Serial Murder Investigation (3 hours)

Oct - Dec 1984: Instructor, Advanced Homicide Techniques, Washington State Criminal Justice Training Commission (80 hours)

Sept - Jan 1985: Instructor, Advanced Homicide Techniques, King County Police Major Crimes (52 hours)

June 1984: Instructor, Washington State Criminal Justice Training Center, Crime Scene Investigation, Death Scene Analysis (6 hours)

June 1984: Guest lecturer, National Police Explorer's Conference, Seattle Washington, the Investigation of Serial Murders (4 hours)

May - July 1984: Instructor, Advanced Homicide Techniques, King County Police Major Crimes (42 hours)

26

-40-

May 1984:        Guest lecturer, Oregon Board on Police Standards & Training and Multnomah County Sheriff's Office, Portland, Oregon, The Investigation of Serial Murders (4 hours)

May 1984:        Instructor, Washington State Criminal Justice Training Commission, Crime Scene Investigation, Death Scene Analysis (6 hours)

April 1984:      Lecturer, Washington State Criminal Justice Training Commission, Satellite Training, Death Scene Analysis (3 hours)

March 1984:      Guest lecturer, Washington-Oregon Sheriffs' Association, Serial Murder Investigation (4 hours)

November 1982: Instructor, Satellite Training, Death Scene Analysis, Washington State Criminal Justice Training Commission (3 hours)

November 1982: Instructor, Satellite Training, Death Scene Analysis, Washington State Criminal Justice Training Commission (3 hours)

October 1982:    Instructor, Crime Scene/Death Scene, Washington State Criminal Justice Training Commission (8 hours)

June 1982:       Instructor, King County Paramedics Training, Death Scene Analysis (3 hours)

June 1982:       Instructor, Crime Scene Investigation, Death Scene Analysis, Washington State Criminal Justice Training Commission (8 hours)

February 1982:   Instructor, Homicide Investigation, Washington State Criminal Justice Training Commission (3 hours)

January 1982:    Instructor, Crime Scene Investigation, Death Scene Analysis, Washington State Criminal Justice Training Commission (4 hours)

Dec 1981:        Lecturer, King County Prosecuting Attorney's Office, Death Investigation Seminar (4 hours); continuing legal education credit for the State Bar Association

Dec 1981:        Homicide Investigation, Death Scene Analysis, Bellingham Police Department (4 hours)

Oct 1981:        Homicide Investigation, Death Scene Analysis, Advanced Homicide Investigation School, Washington State Criminal Justice Training Commission (2 hours)

April 1981:      Death Investigation, King County Police Academy, Washington State Criminal Justice Training Commission (4 hours)

March 1981:      Instructor, Tri County, Advanced Officers Training, Washington State Criminal Justice Training Commission (3 hours)

December 1980: Instructor, Seminar for Prosecuting Attorney's Office, Death Investigation (3 hours)

Nov 1980:        Instructor, King County Reserve Academy, Death Investigation (3 hours)

Aug 1980:        Instructor, Police Academy, Homicide Investigation (4 hours)

27

| | |
|---|---|
| Aug 1980: | Instructor, Highline Community College, Advanced Crime Scene Investigation School, Washington State Criminal Justice Training Commission, Homicide Investigation (4 hours) |
| July 1980: | Instructor, Highline Community College, Advanced Crime Scene Investigation School, Washington State Criminal Justice Training Commission, Homicide Investigation (4 hours) |
| June 1980: | Instructor, Highline Community College, Advanced Crime Scene Investigation School, Washington State Criminal Justice Training Commission, Homicide Investigation (4 hours) |
| May 1980: | Instructor, Police Academy, Homicide Investigation (4 hours) |
| March 1980: | Instructor, King County Police Academy, Washington State Criminal Justice Training Commission, Homicide Investigation (2 hours) |
| March 1980: | Instructor, King County Police Academy, Washington State Criminal Justice Training Commission, Homicide Investigation (2 hours) |
| March 1980: | Instructor, Evidence Technician School, Washington State Criminal Justice Training Commission, Homicide Investigation (4 hours) |
| March 1980: | Instructor, Police Academy, Washington State Criminal Justice Training Commission, Homicide Investigation (2 hours) |
| December 1979: | Lecturer, King County Fire Marshal's Association, Death Investigation Seminar (4 hours) |
| Oct-Sept 1979: | Lecturer, King County Prosecuting Attorney's Office, Death Investigation Seminar (4 hours); continuing legal education credit for the State Bar Association |
| Aug-Sept 1979: | Lecturer, King County Prosecuting Attorney's Office, Death Investigation Seminar (4 hours); continuing legal education credit for the State Bar Association |
| Aug 1979: | Instructor, King County Police Academy, Washington State Criminal Justice Training Commission, Death Investigation Seminar (3 hours) |
| April 1978: | Instructor, King County Police Supervisors' In-Service Training, Death Investigation (8 hours) |
| March 1978: | Instructor, King County Police Supervisors' In-Service Training, Death Investigation (8 hours) |
| February 1978: | Instructor, King County Police Supervisors' In-Service Training, Death Investigation (4 hours) |
| 1977: | Instructor, King County Police In-Service Academy, Report Writing (4 hours) |
| 1976: | Instructor, King County Police In-Service Academy, Report Writing (3 hours) |

28

-42-

| 1976: | Guest lecturer, Seattle Police Academy, Murdered and Missing Women (3 hours) |
| 1976: | Instructor, King County Police Reserve Officers' Academy, Crime Scene Investigation (3 hours) |
| 1975: | Instructor, King County Police Reserve Officers' Academy, Crime Scene Investigation (3 hours) |

29