UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Estate of MYLO HARVEY, and DIANE HENRY, as the personal representative of the Estate,<br><br>Plaintiffs,<br><br>v.<br><br>KEITH JONES, BENJAMIN KALICH, CLYDE TURNER, JOHN DOES ONE THROUGH TEN, and CITY OF EVERETT,<br><br>Defendants. | CASE NO. C05-1170RSM<br><br>ORDER DENYING IN PART MOTION TO DISQUALIFY CHRISTIE LAW FIRM |

This matter comes before the Court on plaintiff's Motion to Disqualify the Christie Law Firm from representing all defendants in this case. (Dkt. #59). Plaintiff argues that an actual conflict of interest exists because defense counsel must necessarily employ contradictory strategies in defending the individual police officer defendants from plaintiff's excessive force claims, and in defending the City of Everett defendant from plaintiff's *Monell* claim. Defendants respond that no such conflict exists, (Dkt. #61), and this Court agrees.

This Court has recently granted defendants' motion to bifurcate the trial. Accordingly, Phase 1 will pertain to the claims brought against the individual officers, and Phase 2, should that be necessary, will pertain to the claims brought against the City of Everett. Accordingly, any conflict

ORDER
PAGE - 1

of interest between the individual defendants and the City defendant are now moot. Even if Phase 2 does occur, raising a defense that the individual officers were adequately trained would not have a prejudicial impact on the officers at that point. Therefore, the Court denies plaintiff's motion to disqualify the Christie Law Firm on this basis.

However, the Court agrees that there remains a potential conflict of interest amongst the individual officer defendants, who may all wish to argue that the others are actually responsible for any liability. Defense counsel has not provided this Court with an adequate indication that the individual officer defendants have been informed of the potential disadvantages to proceeding with joint representation, or whether each of them consents to joint representation.

Plaintiff refers to a declaration submitted by defense counsel, wherein defense counsel asserts that all defendants "want me to handle this matter and represent them jointly." That declaration appears to have been mistakenly filed in support of the response to a separate pending motion. However, the contents of that declaration, entitled "Declaration of Robert L. Christie Opposing Plaintiff's Motion to Disqualify Dr. Wetli," (Dkt. #63), supports the instant motion, and the Court will deem it as such. Yet that lone statement does not convince this Court that all individual officers have made an informed consent to joint representation.

Accordingly, the Court hereby ORDERS:

(1) Plaintiff's Motion to Disqualify the Christie Law Firm (Dkt. #59) is DENIED IN PART and GRANTED IN PART as follows:

a. The Court denies plaintiff's motion to disqualify the Christie Law Group on the basis of an actual conflict between the City defendant and the individual officer defendants. That concern is now moot.

b. The Court grants plaintiff's request that each officer be advised of their right to separate counsel. Individual officer defendants SHALL each prepare a declaration indicating that he has been informed of the potential disadvantages with proceeding with joint counsel, and whether he

ORDER
PAGE - 2

1  consents to joint representation with the understanding that by doing so he is waiving the right to
2  complain about joint representation if he is later found liable at trial.  <u>These declarations shall be</u>
3  <u>presented to the undersigned District Judge in open court, at which time the undersigned District</u>
4  <u>Judge will ascertain whether each officer defendant understands the rights discussed in his</u>
5  <u>declaration</u>.  The Clerk will contact the parties to set a time for this brief hearing, and such hearing
6  shall be restricted solely to receiving the individual officer defendants' declarations and any
7  questions thereon.

       (2)  The Court declines to impose any sanctions on plaintiff's counsel under Rule 11 of the Federal Rules of Civil Procedure as defendants have requested.

       (3)  The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 16th day of June 2006.

*/s/ Ricardo S. Martinez*
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3