1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Estate of MYLO HARVEY, and DIANE
HENRY, as the personal representative of
the Estate,

Plaintiffs,

v.

KEITH JONES, BENJAMIN KALICH,
CLYDE TURNER, JOHN DOES ONE
THROUGH TEN, and CITY OF EVERETT,

Defendants.

CASE NO.  C05-1170RSM

ORDER DENYING MOTION TO
DISQUALIFY DR. WETLI

This matter comes before the Court on plaintiff's Motion to Disqualify Charles Wetli,

M.D., from testifying for the defendants as an expert witness.  (Dkt. #60).  Plaintiff argues that

Dr. Wetli should be disqualified because plaintiff's law firm previously consulted with Dr. Wetli

concerning this case, and discussed with him their theories, strategies, and other information that

was confidential and protected by work product privilege.  Defendants argue that Dr. Wetli

reviewed only non-confidential materials, and Dr. Wetli testifies that he did not discuss any

confidential matters or pre-trial tactics.  (Dkts. #62 and #64).  For the reasons set forth below,

the Court declines to disqualify Dr. Wetli.

This Court has the inherent authority to disqualify experts.  *See Campbell Ind. v. M/V*

ORDER
PAGE - 1

*Gemini*, 619 F.2d 24, 27 (9th Cir. 1980) (explaining that a District Court's broad discretion includes the power to exclude testimony); *Hewlett-Packard Co. v. EMC Co.*, 330 F. Supp.2d 1087, 1092 (N.D. Cal. 2004) (noting that federal courts have inherent power to disqualify expert witnesses); *see also Koch Ref. Co. v. Jennifer L. Boudreux M/V*, 85 F.3d 1178, 1181 (5th Cir. 1996) (explaining that a District Court possesses inherent power to disqualify experts). To exercise such authority, this Court employs a two-prong analysis to determine whether disqualification is necessary. When disqualification based on a prior relationship with an adversary is requested, the Court will grant disqualification only if: (1) the moving party possessed an objectively reasonable basis to believe that a confidential relationship existed between that party and the expert witness; and (2) confidential or privileged information was in fact provided to the expert by the moving party. *See Koch*, 85 F.3d at 1181; *Hewlett-Packard Co.*, 330 F. Supp. 2d at 1093. In addition, courts have considered principles of fundamental fairness and prejudice to the moving party. *Hewlett-Packard Co.*, 330 F. Supp. 2d at 1094-95. The moving party bears the burden of demonstrating that disqualification is necessary. *Id.* at 1096. The Court finds that plaintiff cannot so demonstrate.

Plaintiff must first demonstrate that she had an objectively reasonable basis to believe there was a confidential relationship with Dr. Wetli. In evaluating this prong of the test, the Court considers the frequency of interactions between expert and party, whether the parties entered into a formal confidentiality agreement, whether the party retained the expert to assist in litigation, whether work product was discussed or documents were provided to the expert, the extent to which the expert learned of the party's litigation strategies, and whether the party funded or requested the expert's opinion to be offered at trial. A long-term relationship is more likely to exist when the "'record supports a longstanding series of interactions, which have . . . coalesced to create a basic understanding of the retaining party's modus operandi, patterns of operation, and decision-making process.'" *Hewlett-Packard*, 330 F. Supp. 2d at 1093 (quoting

1    *Marvin Lumber & Cedar Co. v. Norton Co.*, 113 F.R.D. 588, 591 (D. Minn. 1986)).

2    Conversely, informal consultations occur when the expert received no insight into the present

3    litigation strategy. *Id.* at 1093.

4         In this case, the Court finds that the factors used to determine whether a confidential

5    relationship existed do not favor plaintiff.  A paralegal from plaintiff's counsel's law firm

6    contacted Dr. Wetli in April 2005 as a potential witness in anticipation of filing the instant

7    lawsuit.  The paralegal initially contacted Dr. Wetli by e-mail.  She then spoke to him twice by

8    telephone and faxed him some documents.[1]  After reviewing the documents, Dr. Wetli informed

9    the paralegal that he could not help them, and suggested she call another doctor, which she

10   subsequently did.  That is the extent of the contact between Dr. Wetli and plaintiff's counsel's

11   law firm.  In addition, Dr. Wetli did not sign any confidentiality agreement, nor did he believe

12   the conversation to be confidential.  Plaintiff did not hire Dr. Wetli as an expert witness, nor did

13   she pay him any other consultation fee.

14        While the paralegal insists that she engaged in a detailed conversation with Dr. Wetli

15   pertaining to plaintiff's theories of the case, and medical issues surrounding Mylo Harvey's

16   death, Dr. Wetli recalls that this conversation did not include any mention of pre-litigation

17   tactics or other confidential information.  In any event, plaintiff's theories of the case are

18   certainly known by both sides now, as a Complaint has been filed detailing those theories, and

19   this Court has already determined summary judgment motions on plaintiff's theories.  Thus,

20   plaintiff has not met her burden of demonstrating that her counsel's law firm's contact with Dr.

21   Wetli would lead a reasonable person to believe the two formed a confidential relationship.

22        Even if this Court concluded that plaintiff had an objectively reasonable expectation of

23   confidentiality, the Court finds that disqualification would not be necessary because there is no

24   adequate basis to conclude that confidential information passed between plaintiff and Dr. Wetli.

25   _____

26        [1] Dr. Wetli recalls speaking only once on the telephone.

ORDER
PAGE - 3

*See Hewlett-Packard*, 330 F. Supp. 2d at 1093 (explaining that if only one of the factors is present, disqualification is likely inappropriate).  Confidential information is information "of either particular significance or [that] which can be readily identified as either attorney work product or within the scope of attorney-client privilege." *Id.* (citations omitted).  In support of this motion, plaintiff states that the paralegal discussed plaintiff's theories regarding the causes of Mr. Harvey's death and defendant's potential liability and defenses, as well as medical issues pertaining to Mr. Harvey's death.  While that may be true, plaintiff fails to demonstrate how such information is confidential.  All of the issues surrounding plaintiff's theories of her case, as set forth in the declaration supporting this motion – *i.e.*, how plaintiffs could prove that Mr. Harvey died from excessive use of force, positional asphyxia and lack of prompt medical attention – have already been set forth in detail by plaintiff in her Complaint and in the prior motions for summary judgment.  In addition, Dr. Wetli states unequivocally that he was not provided any confidential information, including any pre-litigation tactics, and was never asked to sign a confidentiality agreement.  Accordingly, plaintiff cannot satisfy the second prong of the disqualification analysis.

Finally, the Court acknowledges that, notwithstanding the preceding analysis, public policy considerations such as fundamental fairness and prejudice to the moving party should also be weighed.  In this case, the Court finds that there is little, if any, potential prejudice to plaintiff by allowing Dr. Wetli to testify as an expert witness.  Plaintiff consulted with Dr. Wetli months before her law suit was even filed in this case, and, as determined above, has not convinced this Court that any confidential information was disclosed during that consultation.  Dr. Wetli was never hired by plaintiff, and, therefore, is not shifting sides during a single dispute.  In addition, Dr. Wetli had no other privileged relationship with plaintiff.  Thus, this Court is persuaded that disqualification is not necessary as a matter of fairness and potential prejudice.

Accordingly, the Court hereby ORDERS:

ORDER
PAGE - 4

(1)  Plaintiff's Motion to Disqualify Dr. Wetli (Dkt. #60) is DENIED.

(2)  The Court declines to impose any sanctions on plaintiff's counsel under Rule 11 of the Federal Rules of Civil Procedure as defendants have requested.

(3)  The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 7th day of July, 2006.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5